

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed March 12, 2019

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | CHAPTER 11 |
| MAYFLOWER COMMUNITIES, INC.[1] | § § | |
| | § | CASE NO. 19-30283 (HDH) |
| Debtor. | § § | |

**SECOND AGREED AMENDMENT TO INITIAL INTERIM ORDER
(1) AUTHORIZING USE OF CASH AND (2) PROVIDING ADEQUATE PROTECTION**

On January 31, 2019, the above-captioned debtor (the "Debtor") filed a motion for the entry of an order authorizing the Debtor to use certain cash in which UMB Bank, N.A., in its capacity as trustee (the "Trustee"), asserts a security interest (the "Motion") [Docket No. 17]. The Court held a hearing on the Motion on February 1, 2019, and after due deliberation thereon, and upon the arguments and statements in support of or in opposition to the Motion, the Court entered an order that had been agreed-upon by the Debtor and the Trustee [Docket No. 64] (the "Initial

_____

[1]   The last four digits of the Debtor's federal tax identification number are 6350.

Interim Order"), which Interim Order was amended by the consent of the Debtor and the Trustee pursuant to the *Agreed Amendment to Initial Interim Order (1) Authorizing Use of Cash and (2) Providing Adequate Protection* [Docket No. 101] (the "First Amendment") which extended the period covered by the Initial Interim Order so as to allow the Debtor to use Cash through and including March 8, 2019.[2]

The Court has been informed that the Debtor and the Trustee have reached an agreement in principle on the primary disputes in this case and that they will be filing a motion pursuant to Federal Rule of Bankruptcy Procedure 9019 to approve the settlement (the "Rule 9019 Motion"). The Court has scheduled a hearing on the Rule 9019 Motion on **April 5, 2019 at 10:00 a.m. (CST) before the Honorable Harlin DeWayne Hale, United States Bankruptcy Judge at the United States Bankruptcy Court, 1100 Commerce Street, 14th Floor, Courtroom 3, Dallas Texas 75242-1496** (the "Settlement Agreement Hearing").  The Court has further been informed that one of the documents that is included in the settlement agreement, and which the parties will request that the Court approve at the Settlement Agreement Hearing, is a consensual final order that will allow the Debtor the use of cash collateral of the Trustee (the "Final Cash Collateral Order").

The Court has further been informed that because the proposed Final Cash Collateral Order will not be entered until the Settlement Agreement Hearing, the parties have agreed to further extend the period covered by Initial Interim Order, as amended by the First Amendment, to allow the Debtor the use of Cash through and including April 5, 2019 (the "Termination Date") on the same terms as the Initial Interim Order, as modified by the First Amendment and this *Second Agreed Amendment to Initial Interim Order (1) Authorizing Use of Cash and (2) Providing*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Initial Interim Order.

2

*Adequate Protection* (the "Second Amendment to Interim Order"). After due deliberation thereon; and based upon the arguments and statements of the Debtor and the Trustee; and this Court having determined that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and that the matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice having been appropriate under the circumstances;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Second Amendment to Interim Order is entered by this Court with the consent of the Debtor and the Trustee.

B. The Debtor has requested, and the Trustee has indicated its willingness, to extend the period that the Debtor may use Cash under the terms of the Initial Interim Order, as amended by the First Amendment and this Second Amendment to Interim Order, so that such period runs through the Termination Date.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

Upon the stipulations, acknowledgements and agreements of the Debtor and the Trustee (including those set forth above), and after due deliberation and sufficient cause appearing therefor, the Court orders as follows:

1. The reference to March 8, 2019, in paragraph 2 of the Initial Interim Order (as amended by the First Amendment) is hereby replaced with the Termination Date.

2. The Budget, as defined in Paragraph 2 of the Initial Interim Order (as amended by the First Amendment) is hereby replaced with the budget attached hereto as **Exhibit A** (the "Cash Collateral Budget"). The Debtor covenants that it shall not, during any consecutive four week period, cause aggregate actual expenditures on a cumulative basis in the Cash Collateral Budget measured during any consecutive four week period to exceed one hundred ten percent (110%) of

the total budgeted expenses in the Cash Collateral Budget for such measuring period, <u>provided however</u>, professional fees (including all fees identified under the heading "Restructuring Disbursements" in the Cash Collateral Budget with the exception of U.S. Trustee fees) and any fees of Seniority, Inc.[3] shall not be subject to any such variance. This foregoing variances shall be measured on a bi-weekly basis. Any budgeted expenditures not paid in a particular budget period may be paid during a subsequent period and, for the purpose of calculating the variances set forth above, the Cash Collateral Budget will be revised to move such expenditures to the later period. Any violation of the foregoing covenant shall be cause for the immediate termination of the Debtor's right to use Cash under the terms of the Initial Interim Order.

3. The Official Residents' Committee shall be entitled to copies of any reports required to be sent to the Trustee pursuant to the Initial Interim Order, as amended by the First Amendment and this Second Amendment to Interim Order, at the same time as they are sent to the Trustee.

4. All references in the Initial Interim Order (including as amended by the First Amendment) to the term Initial Interim Order shall be amended to mean the Initial Interim Order, as amended by the First Amendment and this Second Amendment to Interim Order.

5. The Initial Interim Order as amended by the First Amendment is hereby amended to the extent provided in this Second Amendment to Interim Order and, except as specifically

---

[3] The parties have agreed that the management fee shall be calculated at an agreed-to fee of 3.75 percent of revenues (which shall be accounted for by a true-up in subsequent budget periods if actual revenues are greater than or less than what is set forth in the Cash Collateral Budget) and subject to further proforma adjustment for entrance fee receipts and obligations that would be paid in the normal course outside of the current bankruptcy process which requires that entrance fee receipts be placed in escrow and entrance fee obligations be accrued as an administrative expense.

provided herein, the Initial Interim Order as amended by the First Amendment shall remain in full force and effect in accordance with its terms.

6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Second Amendment to Interim Order.

7. The Debtor shall within two (2) business days after entry of this Second Amendment to Interim Order, mail a notice of the entry of this Second Amendment to Interim Order to: (i) counsel to the Trustee; (ii) each of the Debtor's twenty largest unsecured creditors as set forth in the list filed by the Debtor in the Bankruptcy Court pursuant to Bankruptcy Rule 1007(d); (iii) the Indiana Securities Division; (iv) the Indiana Department of Health; (v) all known holders of liens on the Debtor's assets; (vi) all applicable governmental agencies to the extent required by the Bankruptcy Rules or local rules of this Court; and (vii) all parties that have filed a notice of appearance in this case; and (viii) the United States Trustee.

### ###END OF ORDER###

**Agreed to by:**

| | |
|---|---|
| **DLA PIPER LLP (US)** | **JACKSON WALKER L.L.P.** |

By: /s/ *Daniel B. Prieto*  
Daniel B. Prieto, State Bar No. 24048744  
dan.prieto@dlapiper.com  
DLA Piper LLP (US)  
1900 North Pearl Street, Suite 2200  
Dallas, Texas 75201  
Tel: (214) 743-4500  
Fax: (214) 743-4545  

- and -

Thomas R. Califano, NY Bar No. 2286144  
(admitted *pro hac vice*)  
thomas.califano@dlapiper.com  
DLA Piper LLP (US)  
1251 Avenue of the Americas  
New York, New York 10020-1104  
Tel: (212) 335-4500  
Fax: (212) 335-4501  

- and -

Rachel Nanes (admitted *pro hac vice*)  
rachel.nanes@dlapiper.com  
DLA Piper LLP (US)  
200 South Biscayne Boulevard  
Suite 2500  
Miami, Florida 33131  
Tel: (305) 423-8563  
Fax: (305) 675-8206  

*Proposed Counsel for the Debtor*

2323 Ross Avenue, Suite 600  
Dallas, TX 75201  
(214) 953-6000 – Telephone  
(214) 953-5822 – Facsimile  

/s/ *J. Scott Rose*  
J. Scott Rose  
State Bar No. 17252800  
112 E Pecan Street, Suite 2400  
San Antonio, TX 78205  
(210) 978-7760 – Direct Dial  
(210) 242-4645 – Direct Fax  
Email: srose@jw.com  

Kenneth Stohner, Jr.  
State Bar No. 19263700  
(214) 953-6803 – Direct Dial  
(214) 661-6803 – Direct Fax  
Email: kstohner@jw.com  

Vienna F. Anaya  
State Bar No. 24091225  
(214) 953-6047 – Direct Dial  
(214) 661-6647 – Direct Fax  
Email: vanaya@jw.com  

**LOCAL COUNSEL UMB BANK, N.A., AS TRUSTEE**

-and-

William W. Kannel, Esq. (#546724) (admitted *pro hac vice*)  
Charles W. Azano, Esq. (#655775) (admitted *pro hac vice*)  
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.  
One Financial Center  
Boston, Massachusetts 02111  
Telephone: (617) 542-6000  
Facsimile: (617) 542-2241  
E-mail: wwkannel@mintz.com  
         cwazano@mintz.com

Joseph R. Dunn, Esq. (#238069) (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501
Email: jrdunn@mintz.com

**ATTORNEYS FOR UMB BANK, N.A., AS TRUSTEE**

**Exhibit A**

**Budget**

**Mayflower Communities, Inc. - The Barrington of Carmel**
Cash Collateral Budget
As of January 30, 2019
($ amounts presented in thousands)

| Week | Act 1 | Act 2 | Act 3 | Act 4 | Fcst 5 | Fcst 6 | Fcst 7 | Fcst 8 | Fcst 9 | Fcst 10 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | 2/1/19 | 2/8/19 | 2/15/19 | 2/22/19 | 3/1/19 | 3/8/19 | 3/15/19 | 3/22/19 | 3/29/19 | 4/5/19 | |
| *Operating Cash Receipts* | | | | | | | | | | | |
| Resident Receipts | $ 10 | $ 252 | $ 875 | $ 86 | $ 9 | $ 282 | $ 855 | $ 146 | $ 9 | $ 146 | $ 2,670 |
| Medicare Receipts | 1 | 0 | - | 19 | 83 | - | - | 21 | 83 | - | 207 |
| Entrance Fee Receipts | - | - | - | - | - | - | - | - | - | - | - |
| Other | 6 | - | - | 177 | - | - | - | - | - | - | 183 |
| Total Operating Receipts | 17 | 253 | 875 | 282 | 92 | 282 | 855 | 166 | 92 | 146 | 3,059 |
| *Operating Cash Disbursements* | | | | | | | | | | | |
| Payroll, Payroll Taxes, & Benefits | - | - | (237) | - | (376) | - | (275) | (36) | (256) | (60) | (1,239) |
| Dining Services | - | - | (3) | (13) | (40) | (17) | (87) | (17) | (40) | (17) | (233) |
| Administrative & Marketing | - | - | - | (8) | (62) | (5) | (305) | (5) | (45) | (5) | (433) |
| Buildings, Grounds, & Utilities | - | - | (4) | (6) | (19) | (49) | (73) | (5) | (5) | (20) | (181) |
| Ancillary & Therapy Services | - | - | (3) | (2) | (77) | (5) | (9) | (5) | (5) | (75) | (181) |
| Capital Expenditures | - | - | - | - | (10) | (5) | (25) | (5) | - | (5) | (55) |
| Management Fees | - | - | - | - | (77) | - | (64) | - | - | (64) | (205) |
| Entrance Fee Disbursements | - | - | - | - | - | - | - | - | - | - | - |
| Other Disbursements | - | - | (13) | (22) | (29) | (51) | (79) | (19) | (26) | (31) | (269) |
| Total Operating Disbursements | - | - | (259) | (50) | (690) | (131) | (917) | (91) | (382) | (277) | (2,796) |
| Debt Service | - | - | - | - | - | - | - | - | - | - | - |
| *Non-Operating Disbursements* | | | | | | | | | | | |
| Debtor Counsel - DLA | - | - | - | - | - | - | - | (132) | - | - | (132) |
| Debtor Chief Restructuring Officer | - | - | - | - | - | - | - | (15) | - | - | (15) |
| Debtor Financial Advisor - Ankura | - | - | - | - | - | - | - | (59) | - | - | (59) |
| Debtor Accounting Advisor - Larx | - | - | - | - | - | - | - | (48) | - | - | (48) |
| Claims Agent - Donlan Recano | - | - | - | - | - | - | - | (50) | - | - | (50) |
| Resident Counsel / UCC | - | - | - | - | - | - | - | (19) | - | - | (19) |
| Independent Board Member | - | - | - | - | (8) | - | (8) | - | - | (8) | (23) |
| Patient Ombudsman | - | - | - | - | - | - | (20) | - | - | (10) | (30) |
| 503(b)(9) | - | - | - | - | - | - | - | - | - | - | - |
| US Trustee and Filing Fees | - | - | - | - | - | - | (7) | - | - | - | - |
| Adequate Assurance - Utilities | - | - | (18) | - | - | - | - | - | - | - | (25) |
| Total Non-Operating Disbursements | - | - | (18) | - | (8) | - | (35) | (322) | - | (18) | (400) |
| **Net Cash Flow** | **$ 17** | **$ 253** | **$ 598** | **$ 232** | **$ (606)** | **$ 152** | **$ (97)** | **$ (247)** | **$ (290)** | **$ (149)** | **$ (137)** |
| (+) Beginning Book Cash Balance | 3,355 | 3,372 | 3,625 | 4,223 | 4,455 | 3,849 | 4,001 | 3,904 | 3,657 | 3,367 | 3,355 |
| **Ending Book Cash Balance** | **$ 3,372** | **$ 3,625** | **$ 4,223** | **$ 4,455** | **$ 3,849** | **$ 4,001** | **$ 3,904** | **$ 3,657** | **$ 3,367** | **$ 3,218** | **$ 3,218** |