

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 2, 2019**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CHAPTER 11 |
| MAYFLOWER COMMUNITIES, INC.[1] | § | |
| | § | CASE NO. 19-30283 (HDH) |
| Debtor. | § | |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion [Docket No. 86] (the "Motion")[2] of the above-captioned debtor (the "Debtor") for entry of an order (this "Order"), pursuant to sections 105 and 327 of title 11 of the United States Code (the "Bankruptcy Code"), establishing procedures for interim compensation and reimbursement of expenses of professionals retained under section 327 of the Bankruptcy Code in this Chapter 11 Case, all as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §

---

[1] The last four digits of the Debtor's federal tax identification number are 6350.

[2.] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

EAST\164865776

157(b)(2); and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, the creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

   IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, Professionals retained under section 327 of the Bankruptcy Code in this Chapter 11 Case are permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    (a) Not earlier than the 15th day of each calendar month, each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by first class mail or e-mail on each of the following parties (collectively, the "Notice Parties"):

      (i) Mayflower Communities, Inc., 15601 Dallas Parkway, Suite 200, Dallas, Texas 75001 Attn: Louis E. Robichaux IV (Louis.Robichaux@ankura.com);

      (ii) proposed counsel for the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020 Attn: Thomas R. Califano, Esq. (thomas.califano@dlapiper.com), DLA Piper LLP (US), 1900 North Pearl Street, Suite 2200, Dallas, Texas 75201, Attn: Daniel Prieto, Esq. (dan.prieto@dlapiper.com), DLA Piper LLP (US), 200 South Biscayne Boulevard, Suite 2500, Miami,

|     |       |
| --- | ----- |
|     | Florida 33131, Attn: Rachel Nanes, Esq. (rachel.nanes@dlapiper.com); |
| (iii) | the Office of the United States Trustee for the Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, TX 75242, Attn: Lisa Lambert, Esq. (Lisa.L.Lambert@usdoj.gov); |
| (iv) | counsel for UMB Bank, National Association, Jackson Walker LLP, 2323 Ross Avenue, Suite 600, Dallas, Texas 75201, Attn: Kenneth Stohner, Jr., Esq. (kstohner@jw.com) and Vienna F. Anaya (vanaya@jw.com), and Jackson Walker LLP, 112 E. Pecan Street, Suite 2400, San Antonio, Texas 78205, Attn: J. Scott Rose, Esq. (srose@jw.com), and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, Attn: William W. Kannel, Esq. (kannel@mintz.com) and Charles W. Azano, Esq. (cazano@mintz.com) and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., 3580 Carmel Mountain Road, San Diego, CA 92130, Attn: Joseph R. Dunn (jrdunn@mintz.com); and |
| (v) | proposed counsel to the Committee, Faegre Baker Daniels LLP, 600 E. 96th Street, Suite 600, Indianapolis, IN 46240, Attn: Jay Jaffe, Esq. (Jay.Jaffe@FaegreBD.com); Faegre Baker Daniels LLP, 311 S. Wacker Drive, Suite 4300, Chicago IL 60606, Attn George R. Mesires, Esq. (George.Mesires@FaegreBD.com); and Neligan LLP, 325 N. St. Paul Street, Suite 3600, Dallas, TX 75201; Attn: Patrick J. Neligan, Jr., Esq. (pneligan@neliganlaw.com). |

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Fifth Circuit law, the Local Rules, and the U.S. Trustee Complex Fee Guidelines.

(b) Each Notice Party will have until 4:00 p.m. (prevailing Central time) on the 20th day (or the next business day if such day is not a business day) following service of the Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection (a "CNO") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtor is authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the

3

applicable Monthly Fee Application (the "<u>Maximum Monthly Payment</u>") and (ii) 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection pursuant to subparagraph (c) below.

(c) If any Notice Party wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (an "<u>Objection</u>") with the Court on or before the Objection Deadline and (ii) serve the Objection on the affected Professional and each of the other Notice Parties so that it is received by each of these parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "<u>Incremental Amount</u>") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(d) Each Professional may submit its first Monthly Fee Application no earlier than March 15, 2019. This initial Monthly Fee Application will cover the period from the Petition Date through February 28, 2019. Thereafter, the Professionals may file Monthly Fee Applications in the manner described above.

(e) At three-month intervals (the "<u>Interim Fee Period</u>"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "<u>Interim Fee Application Request</u>") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request must include a brief description identifying the following:

(i) the Monthly Fee Applications that are the subject of the request;

(ii) the amount of fees and expenses requested;

(iii) the amount of fees and expenses paid to date or subject to an Objection;

(iv) the deadline for parties other than the Notice Parties to file objections (the "<u>Additional Objections</u>") to the Interim Fee Application Request; and

4

   (v)  any other information requested by the Court or required by the Local Rules.

   Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

(f) The Debtor will request that the Court schedule a hearing on the Interim Fee Application Requests approximately once every three (3) months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

(g) The first Interim Fee Period will cover the period from the Petition Date through April 30, 2019 (the "<u>Initial Three Month Period</u>"). Each Professional must file and serve its first Interim Fee Application Request on or before June 17, 2019. Each Professional shall thereafter file an Interim Fee Application Request within 45 days of the last day of the third month occurring in each successive Interim Fee Period that follows the Initial Three Month Period; <u>provided</u> <u>that</u> these procedures and deadlines are not intended to apply to final fee applications filed by Professionals.

(h) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as all outstanding Monthly Fee Applications and Interim Fee Application Requests have been submitted by the Professional and the applicable objection periods have passed.

(i) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection, will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

3. Payments authorized to be made under this Order shall not be made if the Court has approved an interim or final order for the use of cash collateral and a budget associated with such order does not provide funds for such payments. To the extent there exists a budget as referenced in the foregoing sentence, payments shall only be made to the extent set forth in such budget.

4. Notice of interim and final fee application requests shall be limited to (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002, and requested such notice (the "Additional Service Parties"). Furthermore, (i) the Notice Parties shall be entitled to receive complete copies of the Monthly Fee Applications, any Interim Fee Application Requests, any final fee application requests and any notices of hearing on interim or final fee application requests and (ii) the Additional Service Parties shall be entitled to receive only the notices of hearing on the interim and final fee application requests.

5. The Debtor shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report, identifying the amount paid to each of the Professionals.

6. The Debtor is authorized to take all actions they deem necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

### END OF ORDER ###

EAST\164865776

Order submitted by:

**DLA PIPER LLP (US)**

By: /s/ Daniel B. Prieto
Daniel B. Prieto, State Bar No. 24048744
dan.prieto@dlapiper.com
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

- and -

Thomas R. Califano, NY Bar No. 2286144 (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel:  (212) 335-4500
Fax:  (212) 335-4501

- and -

Rachel Nanes (admitted *pro hac vice*)
rachel.nanes@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Tel:  (305) 423-8563
Fax:  (305) 675-8206

*Proposed Counsel for the Debtor*