


CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 22, 2019**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CHAPTER 11** |
| **MAYFLOWER COMMUNITIES, INC.**[1] | § | |
| | § | **CASE NO. 19-30283 (HDH)** |
| **Debtor.** | § | |

**ORDER (I) APPROVING BID PROCEDURES, (II) AUTHORIZING THE DEBTOR TO OFFER CERTAIN BID PROTECTIONS TO STALKING HORSE, (III) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) APPROVING THE FORMS OF NOTICES RELATED TO THE SALE, AND (V) GRANTING RELATED RELIEF**

Upon the motion [Docket No. 164] (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor"), pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1(a)(2) and 9007-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), for entry of orders approving, among other things, the Bid

---

[1] The last four digits of the Debtor's federal tax identification number are 6350.

[2] Unless otherwise defined, all capitalized terms herein shall have the same meaning as in the Motion.

Procedures, which are attached hereto as Exhibit 1, and granting related relief in connection with the sale of substantially all of the Debtor's assets (the "Assets"); and the Court having reviewed the Motion, and having considered the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Bid Procedures Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion and the Bid Procedures Hearing was sufficient under the circumstances, and no further or other notice is required; and (v) a reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons; and the *Official Residents' Committee's Reservation of Rights and Limited Objection to Debtor's Motion for Entry of Orders (I) Approving Bid Procedures, (II) Authorizing the Debtor to Offer Certain Bid Protections to Stalking Horse, (III) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (IV) Authorizing (A) the Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving the Forms of Notices Related to the Sale, and (VI) Granting Related Relief* [Docket No. 198] having been resolved as noted on the record at the Bid Procedures Hearing; and after due deliberation the Court having determined that the relief requested in the Motion (i) represents a sound exercise of the Debtor's business judgment, (ii) is necessary and essential to maximize the value of the Debtor's estate (the "Estate"); and (iii) is in the best interests of the Debtor, the Estate, creditors, and all other parties in interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause having been shown;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The Debtor has articulated good and sufficient reasons for, and the best interests of the Estate will be served by, this Court granting the relief requested in the Motion, including approval of the Bid Procedures and the sale of the Assets free and clear of Encumbrances (the "Sale").

B. The Bid Procedures, attached hereto as Exhibit 1, are fair, reasonable and appropriate and are designed to maximize the recovery to the Estate.

C. The Debtor has articulated good and sufficient reasons for, and the best interests of the Estate will be served by, the consummation of the Sale.

D. The Auction and Sale Notice, described in the Motion and attached hereto as Exhibit 2, is appropriate, adequate and sufficient, and is reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale, and the Bid Procedures. No other or further notice is required for the Sale or the Bid Procedures, as set forth herein and in the Motion.

E. The form and manner of service of the Assignment Notice, described in the Motion and attached hereto as Exhibit 3, is approved in all respects. Service of the Assignment Notice, as set forth herein, constitutes sufficient notice of the Assignment Procedures.

F. The Notice of Stalking Horse, attached hereto as Exhibit 4, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of: (i) the identification of the Stalking Horse; (ii) a copy of the Stalking Horse APA; (iii) the purchase price to be paid by the Stalking Horse; (iv) the Stalking Horse Deposit to be paid by the Stalking Horse; (v) the amount and nature of the Bid Protections provided for in the Stalking Horse APA; and (vi) the precise conditions under which the Bid Protections would be payable. No other or further notice is required of the foregoing.

G. As demonstrated by the compelling and sound business justifications set forth by the Debtor in the Motion and at the Bid Procedures Hearing, the entry of this Order is in the best interests of the Debtor and the Estate, creditors, and all other parties in interest herein; and therefor

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Bid Procedures are approved in all respects and shall govern all bids and bid proceedings relating to the sale of the Debtor's Assets. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures or obtain the highest and best outcome from the Sale, including entering into a Stalking Horse APA or Modified APA, as applicable.

3. Except as otherwise ordered by this Court, the Sale shall be free and clear of all Encumbrances.

4. The failure to specifically include or reference any particular provision of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the intent of the Court that the Bid Procedures be authorized and approved in their entirety.

5. The form and manner of service of the Auction and Sale Notice is approved in all respects. Within two (2) days of the entry of this Order, the Debtor shall serve the Auction and Sale Notice on: (i) all parties that have requested notice in this Chapter 11 Case as of the date thereof; (ii) all persons identified by Cushman as potential purchasers of the Assets; (iii) all counterparties to any of the Assigned Contracts; (iv) UMB Bank, National Association (the "Bond Trustee"); (v) all creditors of the Debtor; (vi) the Official Residents' Committee appointed in this Chapter 11 Case (the "Committee"); (vii) Centers For Medicare & Medicaid Services; (viii) Indiana State Department of Health, Division of Long Term Care; (ix) Indiana

Secretary of State, Securities Division; and (x) the Office of the United States Trustee (collectively, "All Parties in Interest"). Service of the Auction and Sale Notice, as set forth herein, constitutes sufficient notice of the Auction and Sale Hearing.

6. On or before June 6, 2019, the Debtor, with the approval of the Bond Trustee (which shall not be unreasonably withheld) and after consulting with the Committee, is authorized to enter into a Stalking Horse APA with the Potential Bidder that provides the highest and best offer as a stalking horse bidder (the "Stalking Horse").

7. As a component of the Stalking Horse APA, the Debtor may provide (with the approval of the Bond Trustee, which shall not be unreasonably withheld, and after consulting with the Committee), a break-up fee of up to 2% of the cash purchase price plus actual expenses in an amount not to exceed $250,000, a minimum bid increment for other bidders to submit competing bids, or other buyer protections (collectively, the "Bid Protections") requested by the Stalking Horse.

8. Within two (2) business days of entering into the Stalking Horse APA, the Debtor shall serve the Notice of Stalking Horse on All Parties in Interest.

9. The Bid Deadline is July 16, 2019 at 4:00 p.m. (prevailing Central Time). All Potential Bidders are required to provide copies of their bids in both PDF and Word formats so as to be received by the following parties on or before the Bid Deadline: (i) the Debtor, 15601 Dallas Parkway, Suite 200, Addison, Texas 75001, Attn: Scott Collier (scollier@sqlc.org); (ii) counsel for the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020, Attn: Thomas R. Califano (thomas.califano@dlapiper.com), DLA Piper LLP (US), 1900 North Pearl Street, Suite 2200, Dallas, Texas 75201, Attn: Dan Prieto (dan.prieto@dlapiper.com) and DLA Piper LLP (US), 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131, Attn: Rachel Nanes (rachel.nanes@dlapiper.com); (iii) the

Debtor's Chief Restructuring Officer and restructuring advisor, Ankura Consulting Group LLC, 15601 Dallas Parkway, Suite 200, Dallas, Texas 75001, Attn: Louis E. Robichaux IV (louis.robichaux@ankura.com) and Michael Morton (michael.morton@ankura.com); (iv) the Debtor's selling agent, Cushman & Wakefield, U.S., Inc., One Tampa City Center, Suite 3300, Tampa, Florida 33602, Attn: Allen McMurtry (allen.mcmurtry@cushwake.com); (v) counsel for UMB Bank, N.A., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: Daniel Bleck (dbleck@mintz.com) and Charles W. Azano (cwazano@mintz.com); (vi) counsel for the Committee, Neligan LLP, 325 N. St. Paul Street, Suite 3600, Dallas, TX 75201; Attn: Patrick J. Neligan, Jr. (pneligan@neliganlaw.com); (vii) Indiana Secretary of State, Securities Division, 302 West Washington Street E-111, Indianapolis, Indiana 46204, Attn: Aleksander M. Cirulis, Esq. (acirulis@sos.IN.gov); (viii) Indiana State Department of Health, Division of Long Term Care, 2 North Meridian Street, 4B, Indianapolis, IN 46204, Attn: Brenda Buroker (bburoker@isdh.in.gov); (ix) and Centers for Medicare and Medicaid Services, Legal Department, 7500 Security Blvd., Baltimore, MD 21244; and (x) the Office of the United States Trustee, 1100 Commerce St, Room 976, Dallas, TX 75242-1699, Attn: Lisa Lambert (collectively, the "Notice Parties").

10. Any Potential Bidder that does not submit a bid by the Bid Deadline will not be allowed to (i) submit a bid after the Bid Deadline or (ii) participate in the Auction.

11. The Debtor, with the consent of the Committee and Bond Trustee, may extend the Bid Deadline for all parties without further order of the Court. In the event that the Bid Deadline is extended, the Debtor shall file a notice with the Court indicating the same, and shall serve such notice on All Parties in Interest.

12. The Auction, if necessary under the Bid Procedures, will be held on July 19, 2019 at the offices of DLA Piper LLP (US), 1900 North Pearl Street, Suite 2200, Dallas, Texas 75201 at 10:00 a.m. (prevailing Central Time).

13. A hearing at which the Debtor shall seek approval of the Successful Bid or the Stalking Horse, shall be held in this Court on **July 24, 2019, at 9:00 a.m. (prevailing Central Time) at the Earle Cabell Federal Building, 1100 Commerce Street, 14th Floor, Courtroom No. 3, Dallas, Texas 75242-1496** (the "Sale Hearing"). The Sale Hearing may be adjourned or rescheduled without further notice other than an announcement of the adjourned date at the Sale Hearing.

14. Objections to the Sale shall be in writing, shall state the basis of such objection with specificity and shall be filed with the Court and served so as to be received on or before **July 19, 2019, at 4:00 p.m. (prevailing Central Time)** on the Notice Parties. The failure of any party to timely file its objection shall be an absolute bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion or the consummation and performance of the Sale.

15. The form and manner of service of the Assignment Notice and Resident Notice is approved in all respects. The Debtor shall serve the Assignment Notice on All Parties in Interest within two (2) days of selection of the Successful Bidder. The Debtor shall serve the Resident Notice on the Debtor's residents as described in the Motion within two (2) days of selection of the Successful Bidder. Service of the Assignment Notice and Resident Notice, as set forth in the Motion, constitutes sufficient notice of the Assignment Procedures.

16. Unless an objection to the Assignment Notice or Resident Notice has been filed within fourteen (14) days of service of the Assignment Notice or Resident Notice, as applicable, all counterparties to the Assigned Contracts who have received actual or constructive notice of the Assignment Procedures shall be deemed to have waived and released any right to object to

the assumption and assignment of the Assigned Contracts and to have otherwise consented to the assumption and assignment of the Assigned Contracts to the Successful Bidder(s). If an objection to the Assignment Notice or Resident Notice is received within fourteen (14) days of service of the Assignment Notice or Resident Notice, the Debtor and/or the Successful Bidder(s) shall promptly schedule a hearing for the Court to consider such objection. Such objection must set forth the cure amount or other obligation that the objecting party asserts is due, the specific types and dates of the alleged defaults, pecuniary losses and conditions to the assignment and the support thereof, if any.

17. The Debtor is authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established and relief granted in this Order.

18. To the extent anything contained in this Order conflicts with the Motion, this Order and the provisions of the Bid Procedures attached hereto shall govern and control.

19. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall take effect immediately upon its entry.

20. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

**###END OF ORDER###**

Order submitted by:

**DLA PIPER LLP (US)**

By: */s/ Daniel B. Prieto*
Daniel B. Prieto, State Bar No. 24048744
dan.prieto@dlapiper.com
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: (214) 743-4500
Fax: (214) 743-4545

– and –

Thomas R. Califano, NY Bar No. 2286144 (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

– and –

Rachel Nanes (admitted *pro hac vice*)
rachel.nanes@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: (305) 423-8563
Fax: (305) 675-8206

*Counsel for the Debtor*

**Exhibit 1**

**Bid Procedures**

**MAYFLOWER COMMUNITIES, INC.**
**BID PROCEDURES**

Set forth below are the bid procedures (the "Bid Procedures")[1] to be employed with respect to the sale of substantially all of the assets (the "Assets") of Mayflower Communities, Inc. (the "Debtor"), as debtor and debtor in possession in the chapter 11 case (the "Chapter 11 Case") pending in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), Case No. 19-30283 (HDH).

The Debtor proposes to sell the Assets as a going concern (the "Sale"). The Sale is based upon a competitive bidding process, as set forth herein, and subject to approval by the Bankruptcy Court pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Due Diligence Participation Requirements**

Parties interested in conducting due diligence should contact the Debtor's advisors, Ankura Consulting Group LLC ("Ankura") and Cushman & Wakefield, U.S., Inc. ("Cushman") as follows:

- Ankura: Michael Morton, by telephone at (214) 200-3680 or by email at michael.morton@ankura.com

- Cushman: Allen McMurtry, by telephone at (813) 349-8349 or by email at allen.mcmurtry@cushwake.com, and David Kliewer, by telephone at (813) 349-8368 or by email at david.kliewer@cushwake.com

Any person desiring to submit a bid for substantially all of the Debtor's Assets will be required to deliver to the Debtor an executed confidentiality agreement in form and substance satisfactory to the Debtor. The Debtor and its professionals will afford any person who executes a confidentiality agreement (a "Potential Bidder") such due diligence access or additional information as the Debtor, in its business judgment, determines to be reasonable and appropriate; *provided, however*, that the same access and information must also be made available to all Potential Bidders. Notwithstanding the foregoing, the Debtor shall have the right, in its sole discretion or at the request of UMB Bank, N.A. (the "Bond Trustee"), to require satisfactory evidence of any Potential Bidder's available funds for or firm commitment for financing sufficient to consummate a sale, prior to granting said Potential Bidder access to conduct due diligence. Additional due diligence will not be provided after the Bid Deadline (as defined below).

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Debtor's Motion for Entry of Orders (I) Approving Bid Procedures, (II) Authorizing the Debtor to Offer Certain Bid Protections to Stalking Horse, (III) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (IV) Authorizing (A) the Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving the Forms of Notices Related to the Sale, and (VI) Granting Related Relief* [Docket No. 164].

Notwithstanding the foregoing, the Debtor or its professionals are not required to provide confidential, business-sensitive, or proprietary information to any Potential Bidder if the Debtor reasonably believes that (i) such disclosure would be detrimental to the interests of the Debtor's estate (the "Estate"), or (ii) such potential bidder does not intend in good faith, or have the capacity, to consummate its bid.

Each Potential Bidder shall be deemed to have waived the right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code related in any way to due diligence, the submission of its bid, the Bid Procedures, the Auction and the Sale.

**Selection of a Stalking Horse Bidder**

Pursuant to the order approving these Bid Procedures (the "Bid Procedures Order"), and as set forth below, the Debtor is authorized to enter into an asset purchase agreement with any Potential Bidder that desires to serve as a stalking horse bidder.

On or before April 26, 2019 at 4:00 p.m. (prevailing Central Time), any Potential Bidder that desires to serve as a stalking horse shall submit a written letter of intent setting forth the terms and conditions of its offer which shall include, but not be limited to:

1. Cash purchase price;

2. A commitment to make a good-faith deposit, the amount of which shall be subject to further negotiation, which deposit shall be non-refundable upon execution of a Stalking Horse APA unless the Debtor is in breach of the Stalking Horse APA or another party is selected as the Successful Bidder (as defined below) or as otherwise set forth in the Stalking Horse APA (the "Stalking Horse Deposit");

3. General description of the executory contracts and unexpired leases it intends to assume;

4. Confirmation of the Potential Bidder's intent to commit to assumption of (i) the Continuing Care Contracts, including the benevolent care provision contained therein; and (ii) all past, current and future obligations to current and former residents, including, but not limited to, those obligations arising under the Continuing Care Contracts;

5. Provide information on the operational and financial capabilities of the Potential Bidder sufficient to allow the Debtor and interested parties to determine such bidder's ability to assume the Continuing Care Contracts;

6. Statement as to whether the Potential Bidder intends to continue operating the Facility as a not-for-profit entity;

7. The Potential Bidder's affiliations; and

8. Information on the Potential Bidder's ability to continue to operate the Facility, whether as an entrance fee continuing care retirement community or otherwise.

The Stalking Horse must also comply with all other applicable Participation Requirements (as defined below).

The Debtor shall provide the Bond Trustee and Official Residents' Committee (the "Committee") with copies of all letters of intent no later than twenty-four (24) hours after receipt thereof.

On or before June 6, 2019, the Debtor, with the approval of the Bond Trustee (which shall not be unreasonably withheld) and after consulting with the Committee, may enter into a definitive asset purchase agreement (the "Stalking Horse APA") with a Potential Bidder (the "Stalking Horse").

As a component of the Stalking Horse APA, the Debtor may provide a break-up fee of up to 2% of the cash purchase price plus actual expenses in an amount not to exceed $250,000, a minimum bid increment for other bidders to submit competing bids, or other buyer protections (collectively, the "Bid Protections") requested by the Stalking Horse.

In the event that the Debtor enters into a Stalking Horse APA, the Debtor shall file with the Bankruptcy Court and serve (i) all parties that have requested notice in this Chapter 11 Case as of the date thereof; (ii) all persons identified by the Debtor's professionals as potential purchasers of the Assets; (iii) all counterparties to any of the Assigned Contracts; (iv) the Bond Trustee; (v) all creditors of the Debtor; (vi) the Committee; (vii) Centers For Medicare & Medicaid Services Legal Department; (viii) Indiana State Department of Health, Division of Long Term Care; (ix) Indiana Secretary of State, Securities Division; and (x) the Office of the United States Trustee (collectively, "All Parties in Interest") with a notice (the "Notice of Stalking Horse") that includes: (a) the identity of the Stalking Horse; (b) the purchase price to be paid by the Stalking Horse; (c) the Stalking Horse Deposit paid by the Stalking Horse; and (d) the amount and nature of the Bid Protections.

**Bid Deadline**

The deadline for any Potential Bidders to submit bids intending to compete with the Stalking Horse APA, if any, shall be **July 16, 2019 at 4:00 p.m. (prevailing Central Time)** (the "Bid Deadline"). Such bids must be received on or before the Bid Deadline by the following parties (collectively, the "Notice Parties"):

1. The Debtor, 15601 Dallas Parkway, Suite 200, Addison, Texas 75001, Attn: Scott Collier (scollier@sqlc.org);

2. counsel for the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020, Attn: Thomas R. Califano (thomas.califano@dlapiper.com), DLA Piper LLP (US), 1900 North Pearl Street, Suite 2200, Dallas, Texas 75201, Attn: Dan Prieto (dan.prieto@dlapiper.com) and DLA Piper LLP (US), 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131, Attn: Rachel Nanes (rachel.nanes@dlapiper.com);

3. the Debtor's Chief Restructuring Officer and restructuring advisor, Ankura Consulting Group LLC, 15601 Dallas Parkway, Suite 200, Dallas, Texas 75001, Attn: Louis E. Robichaux IV (louis.robichaux@ankura.com) and Michael Morton (michael.morton@ankura.com);

4. the Debtor's selling agent, Cushman & Wakefield, U.S., Inc., One Tampa City Center, Suite 3300, Tampa, Florida 33602, Attn: Allen McMurtry (allen.mcmurtry@cushwake.com);

5. counsel for UMB Bank, National Association, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: Daniel Bleck (dbleck@mintz.com) and Charles W. Azano (cwazano@mintz.com);

6. counsel for the Committee, Neligan LLP, 325 N. St. Paul Street, Suite 3600, Dallas, TX 75201; Attn: Patrick J. Neligan, Jr. (pneligan@neliganlaw.com);

7. Indiana Secretary of State, Securities Division, 302 West Washington Street E-111, Indianapolis, IN 46204, Attn: Aleksander M. Cirulis, Esq. (acirulis@sos.IN.gov);

8. Indiana State Department of Health, Division of Long Term Care, 2 North Meridian Street, 4B, Indianapolis, IN 46204, Attn: Brenda Buroker (bburoker@isdh.in.gov);

9. Centers for Medicare and Medicaid Services, Legal Department, 7500 Security Blvd., Baltimore, MD 21244; and

10. the Office of the United States Trustee, 1100 Commerce St, Room 976, Dallas, TX 75242-1699, Attn: Lisa Lambert.

**Bid Requirements**

To be eligible to participate in the Auction (as such term is defined below), each bid and each Potential Bidder submitting such a bid must conform to the following requirements (collectively, the "Participation Requirements"):

1. offer to consummate the sale on terms no less favorable to the Debtor than those set forth in the Stalking Horse APA, if any (taking into account Bid Protections that must be paid);

2. include a marked copy of the Stalking Horse APA, or the form asset purchase agreement contained in the data room if no Stalking Horse APA has been entered into, to show any proposed amendments thereto (the "Modified APA") and a clean and executed Modified APA;

3. include a statement that there are no conditions precedent to the Potential Bidder's ability to enter into a definitive agreement, including that there are no financing contingencies to the bid, and that all necessary internal and shareholder approvals have been obtained prior to the bid;

4. state that such offer is binding and irrevocable until the approval of the Successful Bid by the Court unless designated as the Back-Up Bid (as defined below);

5. disclose the identity of each entity that will be bidding or otherwise participating in connection with such bid, and the complete terms of any such participation;

6. disclose the Potential Bidder's affiliations;

7. state whether the Potential Bidder intends to continue operating the Facility as a not-for-profit entity;

8. include the names and contact information of members of the Potential Bidder who will be available to answer questions regarding the offer, including advisors and related parties;

9. state that the Potential Bidder shall assume (i) all of the Continuing Care Contracts with the residents living at the Facility on or after the Petition Date, including the benevolent care provision contained therein; and (ii) all past, present and future obligations to former and current residents including, but not limited to, those obligations arising under the Continuing Care Contracts;

10. provide information on the operational and financial capabilities of the Potential Bidder sufficient to allow the Debtor and interested parties to determine such bidder's ability to assume the Continuing Care Contracts;

11. include a good-faith deposit in immediately available funds in at least the amount of the deposit provided by the Stalking Horse in the Stalking Horse APA ("Earnest Money Deposit") or if no Stalking Horse APA has been entered into,

5% of the proposed purchase price;

12. provide satisfactory written evidence of available funds, a firm commitment for financing sufficient to consummate the Sale, or if such proposal is seeking to assume the existing bond obligations, the terms and conditions of such assumption;

13. provide information on the Potential Bidder's ability to continue to operate the Facility, whether as an entrance fee continuing care retirement community or otherwise;

14. represent and warrant that the Potential Bidder has had an opportunity to conduct any and all due diligence regarding the Debtor's business and the Assets prior to submitting its bid and a statement that the Potential Bidder has relied solely upon its own independent review, investigation, and/or inspection of any relevant documents and the Assets in making its bid and did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Debtor's business or the Assets or the completeness of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the Potential Bidder's Modified APA, ultimately accepted and executed by the Debtor; and

15. acknowledge that the Potential Bidder is not entitled to any of the Bid Protections.

The Debtor, following consultation with the Bond Trustee and the Committee, shall determine whether bids submitted by Potential Bidders meet the Participation Requirements.

The Debtor reserves the right to request additional information from a Potential Bidder in connection with its bid. The Debtor shall inform the Bond Trustee and the Committee of any such request within twenty-four (24) hours of the request.

Bids are not required to adopt the business structure as set forth in the Stalking Horse APA, and may provide for either a for-profit or not-for-profit entity as the operator of the Facility. Bidders can also submit proposals for a plan of reorganization that provides for assumption of all or some of the Debtor's bond obligations, provided that such bid also provides for the assumption of (i) all of the Continuing Care Contracts with residents living at the Facility on or after the Petition Date, including the benevolent care provision contained therein; and (ii) all past, current and future obligations to current and former residents, including, but not limited to, those obligations arising under the Continuing Care Contracts.

**Qualified Bidders and Bids**

Potential Bidders who have satisfied the Participation Requirements will be deemed "Qualified Bidders." Bids that contain all bid requirements, as determined by the Debtor, in consultation with the Bond Trustee and the Committee, will be deemed "Qualified Bids." The

Stalking Horse shall be entitled to credit bid the amount of its break-up fee and expense reimbursement.

Potential Bidders may submit bids that provide for the assumption of all or some of the Debtor's bond obligations pursuant to a plan of reorganization, provided that such bid also provides for the assumption of (i) all of the Continuing Care Contracts with residents living at the Facility on or after the Petition Date, including the benevolent care provision contained therein; and (ii) all past, current and future obligations to current and former residents, including, but not limited to, those obligations arising under the Continuing Care Contracts.

The Debtor will advise each Potential Bidder whether they are deemed to be a Qualified Bidder and whether their bid is a Qualified Bid before the Auction. The Stalking Horse is deemed a Qualified Bidder and the Stalking Horse Bid is a Qualified Bid in all respects. The Debtor will provide copies of the Qualified Bids to the Bond Trustee, the Committee, the Indiana Securities Division and Indiana Department of Health. The Stalking Horse will be notified, no later than 24 hours prior to the Auction, if any Qualified Bids have been received.

The Debtor reserves the right to waive noncompliance with any one or more of the Participation Requirements to be a Qualified Bid and deem an otherwise not Qualified Bid to be a Qualified Bid if it reasonably determines, in its business judgment, after consultation with the Bond Trustee and the Committee, that such waiver is consistent with its fiduciary duties.

The Bond Trustee reserves its right to submit a credit bid for the Debtor's Assets. The parties reserve any and all rights as to the terms and conditions of such credit bid, including the Bond Trustee's right to fully participate at the Auction. In the event the Bond Trustee credit bids, the Bond Trustee shall be required to assume (i) the Continuing Care Contracts, including the benevolent care provision contained therein; and (ii) all past, current and future obligations to current and former residents, including, but not limited to, those obligations arising under the Continuing Care Contracts.

All Qualified Bidders shall be deemed to have waived the right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code related in any way to due diligence, the submission of its bid, the Bid Procedures, the Auction and the Sale.

**Auction Participation**

Unless otherwise agreed to by the Debtor, only Qualified Bidders, members of the Committee, the Bond Trustee, representatives of holders of the Bonds, and their respective legal or financial professionals are eligible to attend or participate at the Auction. Subject to the other provisions of these Bid Procedures, if the Debtor does not receive any Qualified Bids other than Stalking Horse Bid or if no Qualified Bidder other than the Stalking Horse has indicated its intent to participate in the Auction, the Debtor will not hold an Auction and the Stalking Horse will be named the Successful Bidder (as defined below).

## Auction

If any Qualified Bid has been received and any Qualified Bidder has indicated its intent to participate in the Auction, the Debtor will conduct an auction (the "Auction") for the sale of substantially all of its Assets. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

The Auction shall take place at 10:00 a.m. (prevailing Central Time) on July 19, 2019 at the offices of DLA Piper LLP (US), 1900 North Pearl Street, Suite 2200, Dallas, Texas 75201. At the Auction, only the Stalking Horse, if any, and other Qualified Bidders will be permitted to increase their bids or make any subsequent bids. The Debtor may conduct the Auction in the manner it reasonably determines, in its business judgment, after consultation with the Bond Trustee and the Committee, will achieve the maximum value for its Assets and is not inconsistent with the provisions of these Bid Procedures, the Bankruptcy Code or any order of the Bankruptcy Court entered in connection herewith.

## Closing the Auction

The Auction shall continue until there is only one offer that the Debtor determines, following consultation with the Bond Trustee and the Committee, subject to Bankruptcy Court approval, is the highest and best offer from among the Qualified Bidders (including the Stalking Horse) submitted at the Auction (the "Successful Bid"). The Qualified Bidder submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of a purchaser, as set forth in the Stalking Horse APA or Modified APA, as applicable. Immediately prior to the conclusion of the Auction, after consultation with the Bond Trustee and the Committee, the Debtor shall (1) review each bid made at the Auction on the basis of financial and contractual terms and such other factors as may be relevant to the sale process, including those factors affecting the Debtor's residents, mission as well as the speed and certainty of consummating the Sale; (2) identify the Successful Bid; and (3) notify all Qualified Bidders at the Auction, prior to its conclusion, of the name or names of the Successful Bidder and the amount and other material terms of the Successful Bid.

The Debtor shall also, following consultation with the Bond Trustee and the Committee, select a back-up bid (the "Back-Up Bid"), which shall remain open and irrevocable until one (1) business day after the closing of the Sale with the Successful Bidder. In the event that, for any reason, the Successful Bidder fails to close the transaction contemplated by the Successful Bidder, the Debtor may, following consultation with the Bond Trustee and the Committee, elect to regard the Back-Up Bid as the highest and best bid for the Assets, and the Debtor will be authorized to consummate the transaction contemplated by the Back-Up Bid without further order of the Bankruptcy Court.

The Successful Bidder and the Back-Up Bidder shall be deemed to have waived the right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code related in any way to due diligence, the submission of its bid, the Bid Procedures, the Auction and the Sale.

**Assumption of Executory Contracts and Unexpired Leases**

The Stalking Horse APA and Modified APA must designate which executory contracts and unexpired leases are to be assumed and assigned; provided, however, (i) all of the Continuing Care Contracts with the residents living at the Facility on or after the Petition Date; and (ii) all past, present and future obligations to former and current residents must be assumed by the Successful Bidder (the "Assigned Contracts"). In all circumstances, the Successful Bidder shall be responsible for all cure amounts relating to the Assigned Contracts under section 365 of the Bankruptcy Code.

# **Exhibit 2**

## **Proposed Auction and Sale Notice**

Dan Prieto, State Bar No. 24048744
dan.prieto@dlapiper.com
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

COUNSEL FOR THE DEBTOR

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

Rachel Nanes (admitted *pro hac vice*)
rachel.nanes@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: (305) 423-8563
Fax: (305) 675-8206

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CHAPTER 11** |
| **MAYFLOWER COMMUNITIES, INC.**[1] | § | |
| | § | **CASE NO. 19-30283 (HDH)** |
| **Debtor.** | | |

**NOTICE OF BID PROCEDURES, AUCTION, AND SALE HEARING**

A HEARING DATE ON THE SALE OF THE DEBTOR'S ASSETS IS SET FOR JULY 24, 2019 AT 9:00 A.M. (CST), WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF. NO OBJECTION TO SUCH SALE WILL BE CONSIDERED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, DALLAS, TEXAS 75242-1496 AT LEAST 5 DAYS IN ADVANCE OF SUCH HEARING DATE.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

---

[1] The last four digits of the Debtor's federal tax identification number are 6350.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

**PLEASE TAKE NOTICE** that, on January 30, 2019 (the "Petition Date"), Mayflower Communities, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Northern District of Texas (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, on March 26, 2019, the Debtor filed the *Debtor's Motion for Entry of Orders (I) Approving Bid Procedures, (II) Authorizing the Debtor to Offer Certain Bid Protections to Stalking Horse, (III) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (IV) Authorizing (A) the Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving the Forms of Notices Related to the Sale, and (VI) Granting Related Relief* [Docket No. 164] seeking, among other things, (i) approval of certain bid procedures (the "Bid Procedures") and bid protections with respect to the sale of substantially all of the Debtor's assets (the "Assets"); (ii) authorization to sell the Debtor's Assets free and clear of all liens, claims, interests and encumbrances; and (iii) authorization to assume and assign certain executory contracts and unexpired leases of the Debtor.

**PLEASE TAKE FURTHER NOTICE** that, on April [●], 2019, the Court entered the *Order (I) Approving Bid Procedures, (II) Authorizing the Debtor to Offer Certain Bid Protections to Stalking Horse, (III) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (IV) Approving the Forms of Notices Related to the Sale, and (V) Granting Related Relief* [Docket No. ●] (the "Bid Procedures Order"), which, among other things, approved the Bid Procedures and set the following deadlines and dates:

| | |
|---|---|
| **Stalking Horse Bid Deadline:** | **April 26, 2019 at 4:00 p.m. (CST)** |
| **General Bid Deadline:** | **July 16, 2019 at 4:00 p.m. (CST)** |
| **Auction:** | **July 19, 2019 at 10:00 a.m. (CST)** |

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bid Procedures Order, a hearing to approve the sale in accordance with the Bid Procedures will be held on **July 24, 2019, at 9:00 a.m. (CST) at the Earle Cabell Federal Building, 1100 Commerce Street, 14th Floor, Courtroom No. 3, Dallas, Texas 75242-1496**. Any objection to the terms of the sale must be filed with the Court and served so as to be received no later than five (5) days prior to the hearing by the following parties: (i) counsel for the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020, Attn: Thomas R. Califano (thomas.califano@dlapiper.com), DLA Piper LLP (US), 1900 North Pearl Street, Suite 2200,

Dallas, Texas 75201, Attn: Dan Prieto (dan.prieto@dlapiper.com) and DLA Piper LLP (US), 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 3313, Attn: Rachel Nanes (rachel.nanes@dlapiper.com); (ii) the Debtor's Chief Restructuring Officer and restructuring advisor, Ankura Consulting Group LLC, 15601 Dallas Parkway, Suite 200, Dallas, Texas 75001, Attn: Louis E. Robichaux IV (louis.robichaux@ankura.com) and Michael Morton (michael.morton@ankura.com); (iii) the Debtor's selling agent, Cushman & Wakefield, U.S., Inc., One Tampa City Center, Suite 3300, Tampa, Florida 33602, Attn: Allen McMurtry (allen.mcmurtry@cushwake.com); (iv) counsel for UMB Bank, N.A., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: Daniel Bleck (dbleck@mintz.com) and Charles W. Azano (cwazano@mintz.com); (v) counsel to the Official Residents' Committee, Neligan LLP, 325 N. St. Paul Street, Suite 3600, Dallas, Texas 75201; Attn: Patrick J. Neligan, Jr. (pneligan@neliganlaw.com); (vi) Centers For Medicare & Medicaid Services at: Legal Department, 233 North Michigan Ave, Suite 600, Chicago, Illinois 60601 and Legal Department, 7500 Security Blvd, Baltimore, Maryland 21244; (vii) Indiana State Department of Health, Division of Long Term Care, 2 North Meridian Street, Suite 4B, Indianapolis, Indiana 46204, Attn: Brenda Buroker (bburoker@isdh.in.gov); (viii) Indiana Secretary of State, Securities Division, 302 West Washington Street, Room E111, Indianapolis, Indiana 46204, Attn: Aleksander M. Cirulis, Esq. (acirulis@sos.IN.gov); and (ix) the Office of the United States Trustee, 1100 Commerce St, Room 976, Dallas, Texas 75242-1699, Attn: Lisa Lambert.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Bid Procedures Order, the Bid Procedures, and any other document filed in the above-captioned case may be (i) inspected in the offices of the Clerk of the Court during normal business hours; (ii) downloaded from the Court's web site at http://www.txnb.uscourts.gov/ (please note that prior registration with the PACER Service Center and payment of a fee may be required to access such documents); and (iii) downloaded free of charge from the website of Donlin, Recano & Company, Inc., the Debtor's claims and noticing agent, https://www.donlinrecano.com/mayflower. Requests may also be made to counsel for the Debtor using the contact information below.

Dated: April [●], 2019
Dallas, Texas

**DLA PIPER LLP (US)**

By: */s/ Dan Prieto*
Dan Prieto, State Bar No. 24048744
dan.prieto@dlapiper.com
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

- and -

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

- and -

Rachel Nanes (admitted *pro hac vice*)
rachel.nanes@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: (305) 423-8563
Fax: (305) 675-8206

*Counsel for the Debtor*

# Exhibit 3

## Assignment Notice

Dan Prieto, State Bar No. 24048744
dan.prieto@dlapiper.com
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

COUNSEL FOR THE DEBTOR

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

Rachel Nanes (admitted *pro hac vice*)
rachel.nanes@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: (305) 423-8563
Fax: (305) 675-8206

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CHAPTER 11** |
| **MAYFLOWER COMMUNITIES, INC.**[1] | § | |
| | § | **CASE NO. 19-30283 (HDH)** |
| **Debtor.** | | |

**NOTICE OF ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

A HEARING DATE ON THE SALE OF THE DEBTOR'S ASSETS IS SET FOR JULY 24, 2019 AT 9:00 A.M. (CST), WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF. NO OBJECTION TO SUCH SALE WILL BE CONSIDERED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, DALLAS, TEXAS 75242-1496 AT LEAST 5 DAYS IN ADVANCE OF SUCH HEARING DATE.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

[1] The last four digits of the Debtor's federal tax identification number are 6350.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

**PLEASE TAKE NOTICE** that, on January 30, 2019 (the "Petition Date"), Mayflower Communities, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Northern District of Texas (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, on March 26, 2019, the Debtor filed the *Debtor's Motion for Entry of Orders (I) Approving Bid Procedures, (II) Authorizing the Debtor to Offer Certain Bid Protections to Stalking Horse, (III) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (IV) Authorizing (A) the Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving the Forms of Notices Related to the Sale, and (VI) Granting Related Relief* [Docket No. 164] seeking, among other things, (i) approval of certain bid procedures (the "Bid Procedures") and bid protections with respect to the sale of substantially all of the Debtor's assets (the "Assets"); (ii) authorization to sell the Debtor's Assets free and clear of all liens, claims, interests and encumbrances; and (iii) approval of certain procedures to assume and assign certain executory contracts and unexpired leases (collectively, the "Assigned Contracts") of the Debtor in connection with the sale of the Assets by the Debtor.

**PLEASE TAKE FURTHER NOTICE** that, on April [●], 2019, the Court entered the *Order (I) Approving Bid Procedures, (II) Authorizing the Debtor to Offer Certain Bid Protections to Stalking Horse, (III) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (IV) Approving the Forms of Notices Related to the Sale, and (V) Granting Related Relief* [Docket No. ●] (the "Bid Procedures Order"), pursuant to which the Court approved the Bid Procedures and the procedures for the assumption and assignment of the Assigned Contracts. A copy of the Bid Procedures Order is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that the Debtor has set forth on **Exhibit B** hereto the amounts due and owing, if any, under the Assigned Contracts through the date hereof (the "Cure Amounts"). The Bankruptcy Code requires that the Cure Amounts (which include any amounts owing on account of the Debtor's prepetition obligations under the Assigned Contracts) be paid in full to the parties owed such amounts upon the Debtor's assumption of the Assigned Contracts.

**PLEASE TAKE FURTHER NOTICE THAT ANY PARTY SEEKING TO ASSERT AN OBJECTION TO THE ASSUMPTION BY THE DEBTOR AND ASSIGNMENT TO THE SUCCESSFUL BIDDER OF THE ASSIGNED CONTRACTS, INCLUDING THE VALIDITY OF ANY CURE AMOUNT AS DETERMINED BY THE DEBTOR OR TO OTHERWISE ASSERT THAT ANY OTHER AMOUNTS,**

**DEFAULTS, CONDITIONS OR PECUNIARY LOSSES MUST BE CURED OR SATISFIED UNDER THE ASSIGNED CONTRACTS MUST FILE AND SERVE ITS OBJECTION (ANY SUCH OBJECTION, AN "ASSUMPTION OBJECTION") SETTING FORTH WITH SPECIFICITY ANY AND ALL CURE OBLIGATIONS OR OTHER CONDITIONS WHICH SUCH PARTY ASSERTS MUST BE CURED OR SATISFIED WITH RESPECT TO SUCH ASSIGNED CONTRACT SO THAT SUCH ASSUMPTION OBJECTION IS ACTUALLY RECEIVED ON OR BEFORE FOURTEEN (14) DAYS FOLLOWING SERVICE OF THIS NOTICE (THE "OBJECTION DEADLINE")** by (i) counsel for the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020, Attn: Thomas R. Califano (thomas.califano@dlapiper.com), DLA Piper LLP (US), 1900 North Pearl Street, Suite 2200, Dallas, Texas 75201, Attn: Dan Prieto (dan.prieto@dlapiper.com) and DLA Piper LLP (US), 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 3313, Attn: Rachel Nanes (rachel.nanes@dlapiper.com); (ii) the Debtor's Chief Restructuring Officer and restructuring advisor, Ankura Consulting Group LLC, 15601 Dallas Parkway, Suite 200, Dallas, Texas 75001, Attn: Louis E. Robichaux IV (louis.robichaux@ankura.com) and Michael Morton (michael.morton@ankura.com); (iii) the Debtor's selling agent, Cushman & Wakefield, U.S., Inc., One Tampa City Center, Suite 3300, Tampa, Florida 33602, Attn: Allen McMurtry (allen.mcmurtry@cushwake.com); (iv) counsel for UMB Bank, N.A., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: Daniel Bleck (dbleck@mintz.com) and Charles W. Azano (cwazano@mintz.com); (v) counsel to the Official Residents' Committee, Neligan LLP, 325 N. St. Paul Street, Suite 3600, Dallas, Texas 75201; Attn: Patrick J. Neligan, Jr. (pneligan@neliganlaw.com); (vi) Centers For Medicare & Medicaid Services at: Legal Department, 233 North Michigan Ave, Suite 600, Chicago, Illinois 60601 and Legal Department, 7500 Security Blvd, Baltimore, Maryland 21244; (vii) Indiana State Department of Health, Division of Long Term Care, 2 North Meridian Street, Suite 4B, Indianapolis, Indiana 46204, Attn: Brenda Buroker (bburoker@isdh.in.gov); (viii) Indiana Secretary of State, Securities Division, 302 West Washington Street, Room E111, Indianapolis, Indiana 46204, Attn: Aleksander M. Cirulis, Esq. (acirulis@sos.IN.gov); and (ix) the Office of the United States Trustee, 1100 Commerce St, Room 976, Dallas, Texas 75242-1699, Attn: Lisa Lambert.

**PLEASE TAKE FURTHER NOTICE THAT UNLESS AN ASSUMPTION OBJECTION IS FILED AND SERVED BY A PARTY TO AN ASSIGNED CONTRACT BY THE OBJECTION DEADLINE, ALL PARTIES WHO HAVE RECEIVED ACTUAL NOTICE OR CONSTRUCTIVE NOTICE HEREOF SHALL BE DEEMED TO HAVE WAIVED AND RELEASED ANY RIGHT TO ASSERT AN ASSUMPTION OBJECTION AND TO HAVE OTHERWISE CONSENTED TO ASSUMPTION AND ASSIGNMENT AND SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING OR CLAIMING AGAINST THE DEBTOR, THE SUCCESSFUL BIDDER OR ANY OTHER ASSIGNEE OF THE RELEVANT ASSUMED AND ASSIGNED CONTRACT THAT ANY ADDITIONAL AMOUNTS ARE DUE OR DEFAULTS EXIST, OR CONDITIONS TO THE ASSUMPTION OR ASSIGNMENT MUST BE SATISFIED, UNDER SUCH CONTRACT OR LEASE.**

**PLEASE TAKE FURTHER NOTICE** that Assumption Objections must set forth the cure amount or other obligation that the objecting party asserts is due, the specific types and dates of the alleged defaults, pecuniary losses and conditions to the assignment and the support thereof, if any.

**PLEASE TAKE FURTHER NOTICE** that if, as to any Assigned Contract, no Assumption Objection is received by the Objection Deadline, such Assigned Contracts shall be deemed assumed by the Debtor and assigned to the Successful Bidder without further order of the Court, effective as of the later of (i) the Objection Deadline; or (ii) payment of the applicable Cure Amount, if any, set forth in **Exhibit B** hereto. If an Assumption Objection is received by the Objection Deadline and the Debtor and/or Successful Bidder is unable to resolve such objection consensually, the proposed assumption and assignment which is the subject of the Assumption Objection shall be subject to further order of the Court and the Debtor and/or the Successful Bidder shall promptly schedule a hearing to consider the Assumption Objection.

**PLEASE TAKE FURTHER NOTICE** that hearings with respect to Assumption Objections shall be held on such date as the Court may designate.

**PLEASE TAKE FURTHER NOTICE** that if you agree with the Cure Amounts set forth on **Exhibit B** and do not otherwise object to the Debtor's assumption and assignment of your Assigned Contract, you need not take any further action.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Bid Procedures Order, the Bid Procedures, and any other document filed in the above-captioned case may be (i) inspected in the offices of the Clerk of the Court during normal business hours; (ii) downloaded from the Court's web site at http://www.txnb.uscourts.gov/ (please note that prior registration with the PACER Service Center and payment of a fee may be required to access such documents); and (iii) downloaded free of charge from the website of Donlin, Recano & Company, Inc., the Debtor's claims and noticing agent, https://www.donlinrecano.com/mayflower. Requests may also be made to counsel for the Debtor using the contact information below.

Dated: [●], 2019
Dallas, Texas

**DLA PIPER LLP (US)**

By: */s/ Dan Prieto*
Dan Prieto, State Bar No. 24048744
dan.prieto@dlapiper.com
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

- and -

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

- and -

Rachel Nanes (admitted *pro hac vice*)
rachel.nanes@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: (305) 423-8563
Fax: (305) 675-8206

*Counsel for the Debtor*

**Exhibit 4**

**Notice of Selection of Stalking Horse**

Dan Prieto, State Bar No. 24048744
dan.prieto@dlapiper.com
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

COUNSEL FOR THE DEBTOR

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

Rachel Nanes (admitted *pro hac vice*)
rachel.nanes@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: (305) 423-8563
Fax: (305) 675-8206

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CHAPTER 11** |
| **MAYFLOWER COMMUNITIES, INC.**[1] | § | |
| | § | **CASE NO. 19-30283 (HDH)** |
| **Debtor.** | | |

**NOTICE OF SELECTION OF STALKING HORSE**

A HEARING DATE ON THE SALE OF THE DEBTOR'S ASSETS IS SET FOR JULY 24, 2019 AT 9:00 A.M. (CST), WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF. NO OBJECTION TO SUCH SALE WILL BE CONSIDERED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, DALLAS, TEXAS 75242-1496 AT LEAST 5 DAYS IN ADVANCE OF SUCH HEARING DATE.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

[1] The last four digits of the Debtor's federal tax identification number are 6350.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

**PLEASE TAKE NOTICE** that, on January 30, 2019 (the "Petition Date"), Mayflower Communities, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Northern District of Texas (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, on March 26, 2019, the Debtor filed the *Debtor's Motion for Entry of Orders (I) Approving Bid Procedures, (II) Authorizing the Debtor to Offer Certain Bid Protections to Stalking Horse, (III) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (IV) Authorizing (A) the Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving the Forms of Notices Related to the Sale, and (VI) Granting Related Relief* [Docket No. 164] seeking, among other things, (i) approval of certain bid procedures (the "Bid Procedures") and bid protections with respect to the sale of substantially all of the Debtor's assets (the "Assets"); (ii) authorization to sell the Debtor's Assets free and clear of all liens, claims, interests and encumbrances; and (iii) approval to assume and assign certain executory contracts and unexpired leases of the Debtor.

**PLEASE TAKE FURTHER NOTICE** that, on April [●], 2019, the Court entered the *Order (I) Approving Bid Procedures, (II) Authorizing the Debtor to Offer Certain Bid Protections to Stalking Horse, (III) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (IV) Approving the Forms of Notices Related to the Sale, and (V) Granting Related Relief* [Docket No. ●] (the "Bid Procedures Order"), which, among other things, approved the Bid Procedures. Pursuant to the Bid Procedures, the Debtor is required to provide notice if it secures a bid from a party willing to serve as the stalking horse (the "Stalking Horse").

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2019, the Debtor entered into an asset purchase agreement with [●] (the "Stalking Horse APA"). Under the terms of the Stalking Horse APA, the Stalking Horse will purchase substantially all of the Debtor's assets for [$●] and has already made a deposit of [$●].

**PLEASE TAKE FURTHER NOTICE** that, if the Debtor receives two (2) or more bids, including the Stalking Horse's bid, in accordance with the requirements set forth in the Bid Procedures, an auction will be held on July 19, 2019. If the Debtor selects a bid from a party other than the Stalking Horse as the winning bid, the Stalking Horse shall be entitled to receive bid protections (the "Bid Protections"), including a break-up fee of up to [2%] of the cash purchase price plus actual expenses in an amount not to exceed [$250,000].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bid Procedures Order, a hearing to approve the sale in accordance with the Bid Procedures will be held on **July 24, 2019, at 9:00 a.m. (CST) at the Earle Cabell Federal Building, 1100 Commerce Street, 14th Floor, Courtroom No. 3, Dallas, Texas 75242-1496**. Any objection to the terms of the sale must be filed with the Court and served so as to be received no later than five (5) days prior to the hearing by the following parties: (i) counsel for the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020, Attn: Thomas R. Califano (thomas.califano@dlapiper.com), DLA Piper LLP (US), 1900 North Pearl Street, Suite 2200, Dallas, Texas 75201, Attn: Dan Prieto (dan.prieto@dlapiper.com) and DLA Piper LLP (US), 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 3313, Attn: Rachel Nanes (rachel.nanes@dlapiper.com); (ii) the Debtor's Chief Restructuring Officer and restructuring advisor, Ankura Consulting Group LLC, 15601 Dallas Parkway, Suite 200, Dallas, Texas 75001, Attn: Louis E. Robichaux IV (louis.robichaux@ankura.com) and Michael Morton (michael.morton@ankura.com); (iii) the Debtor's selling agent, Cushman & Wakefield, U.S., Inc., One Tampa City Center, Suite 3300, Tampa, Florida 33602, Attn: Allen McMurtry (allen.mcmurtry@cushwake.com); (iv) counsel for UMB Bank, N.A., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: Daniel Bleck (dbleck@mintz.com) and Charles W. Azano (cwazano@mintz.com); (v) counsel to the Official Residents' Committee, Neligan LLP, 325 N. St. Paul Street, Suite 3600, Dallas, Texas 75201; Attn: Patrick J. Neligan, Jr. (pneligan@neliganlaw.com); (vi) Centers For Medicare & Medicaid Services at: Legal Department, 233 North Michigan Ave, Suite 600, Chicago, Illinois 60601 and Legal Department, 7500 Security Blvd, Baltimore, Maryland 21244; (vii) Indiana State Department of Health, Division of Long Term Care, 2 North Meridian Street, Suite 4B, Indianapolis, Indiana 46204, Attn: Brenda Buroker (bburoker@isdh.in.gov); (viii) Indiana Secretary of State, Securities Division, 302 West Washington Street, Room E111, Indianapolis, Indiana 46204, Attn: Aleksander M. Cirulis, Esq. (acirulis@sos.IN.gov); and (ix) the Office of the United States Trustee, 1100 Commerce St, Room 976, Dallas, Texas 75242-1699, Attn: Lisa Lambert.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Bid Procedures Order, the Bid Procedures, the Stalking Horse APA any other document filed in the above-captioned case may be (i) inspected in the offices of the Clerk of the Court during normal business hours; (ii) downloaded from the Court's web site at http://www.txnb.uscourts.gov/ (please note that prior registration with the PACER Service Center and payment of a fee may be required to access such documents); and (iii) downloaded free of charge from the website of Donlin, Recano & Company, Inc., the Debtor's claims and noticing agent, https://www.donlinrecano.com/mayflower. Requests may also be made to counsel for the Debtor using the contact information below.

Dated: [●], 2019
Dallas, Texas

**DLA PIPER LLP (US)**

By: */s/ Dan Prieto*

Dan Prieto, State Bar No. 24048744
dan.prieto@dlapiper.com
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

- and -

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

- and -

Rachel Nanes (admitted *pro hac vice*)
rachel.nanes@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: (305) 423-8563
Fax: (305) 675-8206

*Counsel for the Debtor*