

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 5, 2019**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **CHAPTER 11** |
| **MAYFLOWER COMMUNITIES, INC.**[1] | § | |
| | § | **CASE NO. 19-30283 (HDH)** |
| Debtor. | § | |

### ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE DEBTOR'S CHAPTER 11 PLAN, (III) SCHEDULING A CONFIRMATION HEARING, AND (IV) APPROVING RELATED NOTICE PROCEDURES

Upon the motion [Docket No. 277] ("Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor"), for entry of an order (this "Order") (i) approving the Disclosure Statement, (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan, (iii) scheduling a Confirmation Hearing, and (iv) approving related notice procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

---

[1] The last four digits of the Debtor's federal tax identification number are 6350. The mailing address for the Debtor is 1335 S. Guilford Road Carmel, Indiana 46032-2810.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having filed with the Court the Disclosure Statement and the Plan; and the Debtor having proposed certain revisions to the Disclosure Statement to reflect the outcome of the Sale; and due and adequate notice of the Motion having been given in accordance with Bankruptcy Rules 2002 and 3017; and it appearing that no other or further notice need be given; after due deliberation thereon, the Court having determined, for the reasons stated in the Motion and based on the record in this Chapter 11 Case and at the hearing held in consideration of the same, that the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

2.      The Disclosure Statement complies with section 1125 of the Bankruptcy Code and is hereby approved as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

3.      Any objections to approval of the Disclosure Statement not previously withdrawn are hereby overruled.

4.      The Solicitation Procedures (and the form and manner of notice thereof), including the Non-Voting Notice (substantially in the form annexed hereto as **Exhibit 1**), the Resident Notice (substantially in the form annexed hereto as **Exhibit 2**), the form of Ballots (substantially in the forms annexed hereto as **Composite Exhibit 3**), the Solicitation

Commencement Date, the Voting Deadline of September 4, 2019, the Solicitation Package, the Record Date of July 19, 2019, the Tabulation Rules, and all other Solicitation Procedures described in the Motion, are hereby approved; *provided, however*, that the Debtor has reserved, subject to Court approval, the right to further amend or supplement the Solicitation Procedures to better facilitate the solicitation process.

5.      The temporary allowance of claims for voting purposes does not constitute an allowance of such Claims for purposes of receiving distributions under the Plan and is without prejudice to the rights of the Debtor and the Liquidating Trustee (as defined in the Plan) in any other context, including the right of the Debtor and the Liquidating Trustee to contest the amount, validity, or classification of any Claim for purposes of allowance and distribution under the Plan.

6.      For voting purposes only, the holders of the Bonds shall be treated as collectively having a Bondholder Secured Claim in the amount of $61,000,000.00 and a Deficiency Claim in the amount of $33,096,671.88.

7.      The Confirmation Procedures, including the Confirmation Hearing Notice, the Resident Notice and the Publication Notice (substantially in the forms annexed hereto as **Exhibits 2, 4 and 5**) and the form and manner of service and publication thereof, and all other Confirmation Procedures described in the Motion, are hereby approved; *provided, however*, that the Debtor has reserved, subject to Court approval, the right to further amend or supplement the Confirmation Procedures to better facilitate the confirmation process.

8.      The Confirmation Hearing is scheduled to be held before the Honorable Harlin D. Hale, United States Bankruptcy Judge for the Northern District of Texas, Courtroom 3, United States Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce Street, Fourteenth

Floor, Dallas, TX 75254-1496, on **September 17, 2019 at 9:00 a.m. (prevailing Central Time)**, which date may be continued from time-to-time without further notice other than the announcement at such time of the date or dates of any adjourned hearing.

9.      Any objections to the Plan must:  (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "<u>Administrative Procedures</u>") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txnb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be *actually received* not later than **5:00 p.m. (prevailing Central Time) on September 4, 2019 (the "<u>Objection Deadline</u>")** and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline:  (i) counsel for the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020, Attn: Thomas R. Califano (thomas.califano@dlapiper.com), DLA Piper LLP (US), 1900 North Pearl Street, Suite 2200, Dallas, Texas 75201, Attn: Dan Prieto (dan.prieto@dlapiper.com) and DLA Piper LLP (US), 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131, Attn: Rachel Nanes (rachel.nanes@dlapiper.com); (ii) the Debtor's Chief Restructuring Officer and restructuring advisor, Ankura Consulting Group LLC, 15601 Dallas Parkway, Suite 200, Dallas, Texas 75001, Attn: Louis E. Robichaux IV (louis.robichaux@ankura.com) and Michael Morton

(michael.morton@ankura.com); (iii) counsel for UMB Bank, N.A., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: Daniel Bleck (dbleck@mintz.com) and Charles W. Azano (cwazano@mintz.com); (iv) counsel for the Committee, Neligan LLP, 325 N. St. Paul Street, Suite 3600, Dallas, Texas 75201; Attn: Patrick J. Neligan, Jr. (pneligan@neliganlaw.com); and (v) the Office of the United States Trustee, 1100 Commerce St, Room 976, Dallas, Texas 75242-1699, Attn: Lisa Lambert.

10.     The Debtor and any other parties in interest shall file replies, if any, to objections to confirmation of the Plan by **5:00 p.m. (prevailing Central Time) on September 11, 2019**.

11.     Three (3) business days after entry of this Order or as soon as practicable thereafter, the Debtor shall cause the Publication Notice to be published at least once in *The Indy Star* or a similar local publication.

12.     The terms of this Order shall be binding upon the Debtor, all Creditors of the Debtor, the Committee and any trustees appointed in this proceeding or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtor, and all other parties in interest.

13.     All time periods set forth in this Order shall be calculated in accordance with Fed. R. Bankr. P. 9006(a).

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

15.     Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

<div align="center">

**###END OF ORDER###**

</div>

Order submitted by:

**DLA PIPER LLP (US)**

By: */s/ Daniel B. Prieto*
Daniel B. Prieto, State Bar No. 24048744
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: (214) 743-4500
Fax: (214) 743-4545
E-mail: dan.prieto@dlapiper.com

- and -

Thomas R. Califano, NY Bar No. 2286144 (admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
E-mail: thomas.califano@dlapiper.com

- and -

Rachel Nanes (admitted *pro hac vice*)
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: (305) 423-8563
Fax: (305) 675-8206
E-mail: rachel.nanes@dlapiper.com

*Counsel for the Debtor*

## **EXHIBIT 1**

**Non-Voting Notice**

Daniel B. Prieto, State Bar No. 24048744
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: (214) 743-4500
Fax: (214) 743-4545
E-mail: dan.prieto@dlapiper.com

COUNSEL FOR THE DEBTOR

Thomas R. Califano (admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
E-mail: thomas.califano@dlapiper.com

Rachel Nanes (admitted *pro hac vice*)
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: (305) 423-8563
Fax: (305) 675-8206
E-mail: rachel.nanes@dlapiper.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **CHAPTER 11** |
| **MAYFLOWER COMMUNITIES, INC.**[1] | § | |
| | § | **CASE NO. 19-30283 (HDH)** |
| Debtor. | § | |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO
## CLASSES DEEMED TO EITHER ACCEPT OR REJECT THE PLAN

**PLEASE TAKE NOTICE** that on July 23, 2019, Mayflower Communities, Inc. d/b/a The Barrington of Carmel (the "Debtor") filed the *First Amended Disclosure Statement for Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 307] (as the same may be amended, modified, or supplemented from time to time, the "Disclosure Statement") and the *Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 306] (as the same may be amended, modified, or supplemented from time to time, the "Plan").[2] On **[●]**, 2019, the Honorable Harlin D. Hale of the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order"), among other things, (i) approving the Disclosure Statement, (ii) approving certain related notice procedures and other procedures for the solicitation and tabulation of votes to accept or reject the Plan, and (iii) scheduling a hearing for confirmation of the Plan (the "Confirmation Hearing"). The Debtor is using the Disclosure Statement in connection with the solicitation of acceptances of the Plan from the Holders of certain Impaired Claims against the Debtor who are entitled to vote to accept or reject the Plan.

---

[1] The last four digits of the Debtor's federal tax identification number are 6350.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTOR IS EITHER NOT IMPAIRED (DEEMED TO ACCEPT THE PLAN) OR IMPAIRED AND YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY UNDER THE PLAN ON ACCOUNT OF SUCH CLAIM(S) (DEEMED TO REJECT THE PLAN) AND, THEREFORE, PURSUANT TO SECTIONS 1126(f) AND (g) OF THE UNITED STATES BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE EITHER ACCEPTED OR REJECTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), YOU SHOULD CONTACT COUNSEL FOR THE DEBTOR, DLA PIPER LLP (US), 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131, ATTN: RACHEL NANES, TELEPHONE NO. (305) 423-8563.**

**ALTHOUGH YOU ARE NOT ENTITLED TO VOTE ON THE PLAN WITH RESPECT TO YOUR CLAIM(S), YOU ARE A PARTY IN INTEREST IN THE DEBTOR'S CHAPTER 11 CASE. ACCORDINGLY, YOU ARE ENTITLED TO PARTICIPATE IN THE CHAPTER 11 CASE, INCLUDING BY FILING OBJECTIONS TO CONFIRMATION OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE** that Section 11 of the Plan contains certain release, exculpation, and injunction language. You should read the provisions contained in Section 11 of the Plan very carefully so that you understand how confirmation and consummation of the Plan will affect you and any claim, interest, right or action you may have against the Debtor. **THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTOR TO THE FULLEST EXTENT AUTHORIZED OR PROVIDED UNDER THE APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE AND BY ALL OTHER APPLICABLE LAW.**

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing will commence on **September 17, 2019 at 9:00 a.m**. **(prevailing Central Time)**, or as soon thereafter as counsel can be heard, before the Bankruptcy Court. The Confirmation Hearing may be continued from time to time by the announcement of such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified pursuant to 11 U.S.C. § 1127 prior to, during or as a result of the Confirmation Hearing, without further notice to parties in interest.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has established **September 4, 2019 at 5:00 p.m. (prevailing Central Time)** as the deadline for filing and serving objections to confirmation of the Plan (the "Objection Deadline"). Objections not timely filed and served will be overruled by the Bankruptcy Court. To be considered by the Bankruptcy Court, any objections to the Plan must (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "Administrative Procedures") (the

2

Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txnb.uscourts.gov)) by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be *actually received* not later than **5:00 p.m. (prevailing Central Time) on September 4, 2019** (the "Objection Deadline") and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline: (i) counsel for the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020, Attn: Thomas R. Califano (thomas.califano@dlapiper.com), DLA Piper LLP (US), 1900 North Pearl Street, Suite 2200, Dallas, Texas 75201, Attn: Dan Prieto (dan.prieto@dlapiper.com) and DLA Piper LLP (US), 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131, Attn: Rachel Nanes (rachel.nanes@dlapiper.com); (ii) the Debtor's Chief Restructuring Officer and restructuring advisor, Ankura Consulting Group LLC, 15601 Dallas Parkway, Suite 200, Dallas, Texas 75001, Attn: Louis E. Robichaux IV (louis.robichaux@ankura.com) and Michael Morton (michael.morton@ankura.com); (iii) counsel for UMB Bank, N.A., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: Daniel Bleck (dbleck@mintz.com) and Charles W. Azano (cwazano@mintz.com); (iv) counsel for the Committee, Neligan LLP, 325 N. St. Paul Street, Suite 3600, Dallas, Texas 75201; Attn: Patrick J. Neligan, Jr. (pneligan@neliganlaw.com); and (v) the Office of the United States Trustee, 1100 Commerce St, Room 976, Dallas, Texas 75242-1699, Attn: Lisa Lambert.

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, or the Solicitation Procedures Order may obtain such copies by (i) accessing the Bankruptcy Court's website at http://www.txnb.uscourts.gov; (ii) contacting the Office of the Clerk of the Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 125, Dallas, TX 75242-1496; (iii) contacting the Debtor's voting agent, Donlin Recano & Company, Inc. ("DRC") at (877) 534-8325 or DRCVote@DonlinRecano.com; or (iv) accessing the website maintained by DRC, available at https://www.donlinrecano.com/Clients/mayflwr/Index. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

Dated: [●], 2019
     Dallas, Texas

                     **DLA PIPER LLP (US)**

                     By: */s/ Daniel B. Prieto*
                     Daniel B. Prieto, State Bar No. 24048744
                     DLA Piper LLP (US)
                     1900 North Pearl Street, Suite 2200
                     Dallas, Texas 75201
                     Tel: (214) 743-4500
                     Fax: (214) 743-4545
                     E-mail: dan.prieto@dlapiper.com

                     – and –

<div align="center">3</div>

Thomas R. Califano (admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
E-mail: thomas.califano@dlapiper.com

– and –

Rachel Nanes (admitted *pro hac vice*)
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: (305) 423-8563
Fax: (305) 675-8206
E-mail: rachel.nanes@dlapiper.com

*Counsel for the Debtor*

4

## **EXHIBIT 2**

**Resident Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **CHAPTER 11** |
| **MAYFLOWER COMMUNITIES, INC.[1]** | § | |
| | § | **CASE NO. 19-30283 (HDH)** |
| Debtor. | § | |

**NOTICE TO RESIDENTS REGARDING CONFIRMATION HEARING
AND DEADLINE FOR OBJECTING TO CONFIRMATION**

      **PLEASE TAKE NOTICE** that on July 23, 2019, Mayflower Communities, Inc. d/b/a The Barrington of Carmel (the "Debtor") filed the *First Amended Disclosure Statement for the Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 307] (as amended, modified, or supplemented from time to time, the "Disclosure Statement") and the *Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 306] (as amended, modified, or supplemented from time to time, the "Plan"). On [●], 2019, the Honorable Harlin D. Hale, United States Bankruptcy Judge for the Northern District of Texas, Courtroom 3, United States Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce Street, Fourteenth Floor, Dallas, Texas 75254-1496 (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order"), among other things, (i) approving the Disclosure Statement, (ii) approving certain related notice procedures and other procedures for the solicitation and tabulation of votes to accept or reject the Plan, and (iii) scheduling a hearing for confirmation of the Plan. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

      **PLEASE TAKE FURTHER NOTICE** that a hearing to confirm the Plan ("Confirmation Hearing") will commence on **September 17, 2019 at 9:00 a.m. (prevailing Central Time)**, or as soon thereafter as counsel can be heard, before the Bankruptcy Court. The Confirmation Hearing may be continued from time to time by the announcement of such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified pursuant to 11 U.S.C. § 1127 prior to, during or as a result of the Confirmation Hearing, without further notice to parties in interest.

      **PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has established **September 4, 2019 at 5:00 p.m. (prevailing Central Time)** as the deadline for filing and serving objections to confirmation of the Plan. Objections not timely filed and served in accordance with the Solicitation Procedures Order will be overruled by the Bankruptcy Court.

      **PLEASE TAKE FURTHER NOTICE** that residents may obtain a copy of the Disclosure Statement, the Plan, or the Solicitation Procedures Order by: (i) accessing the Bankruptcy Court's website at http://www.txnb.uscourts.gov; (ii) contacting the Office of the Clerk of the Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 125, Dallas, TX 75242-1496; (iii) contacting the

---

[1]  The last four digits of the Debtor's federal tax identification number are 6350.  The mailing address for the Debtor is 1335 S. Guilford Road Carmel, Indiana 46032-2810.

Debtor's voting agent, Donlin Recano & Company, Inc. (the "Voting Agent"), at (877) 534-8325 or DRCVote@DonlinRecano.com; or (iv) accessing the website maintained by the Voting Agent, available at https://www.donlinrecano.com/Clients/mayflwr/Index. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

Dated:  [●], 2019
      Dallas, Texas

                **DLA PIPER LLP (US)**

                By: _/s/  Daniel B. Prieto_
                Daniel B. Prieto, State Bar No. 24048744
                DLA Piper LLP (US)
                1900 North Pearl Street, Suite 2200
                Dallas, Texas 75201
                Tel: (214) 743-4500
                Fax: (214) 743-4545
                E-mail:  dan.prieto@dlapiper.com

                - and -

                Thomas R. Califano (admitted _pro hac vice_)
                DLA Piper LLP (US)
                1251 Avenue of the Americas
                New York, New York 10020-1104
                Tel:  (212) 335-4500
                Fax:  (212) 335-4501
                E-mail:  thomas.califano@dlapiper.com

                - and -

                Rachel Nanes (admitted _pro hac vice_)
                DLA Piper LLP (US)
                200 South Biscayne Boulevard, Suite 2500
                Miami, Florida 33131
                Tel:  (305) 423-8563
                Fax:  (305) 675-8206
                E-mail:  rachel.nanes@dlapiper.com

                _Counsel for the Debtor_

## COMPOSITE EXHIBIT 3

**Form of Ballots**

## **EXHIBIT 3-A**

**Classes 2 and 4 - Ballot for Beneficial Holders of Bond Claims**

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the *First Amended Disclosure Statement for Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*.

## IN RE: MAYFLOWER COMMUNITIES, INC. (CASE NO. 19-30283)

### BALLOT FOR ACCEPTING OR REJECTING THE
### DEBTOR'S PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

### THIS BALLOT IS EXCLUSIVELY FOR THE USE BY
### BENEFICIAL HOLDERS OF CLASSES 2 and 4 – BOND CLAIMS

This ballot ("Ballot") is being sent to all beneficial holders of the Bonds for use in voting to accept or reject the *Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated July 23, 2019 (as it may be amended, modified, or supplemented from time to time, the "Plan") and in connection with the Disclosure Statement for the Plan, dated July 23, 2019 (as it may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), copies of which accompany this Ballot. All capitalized terms not defined herein shall have the meanings given to them in the Plan and Disclosure Statement.

You are receiving this Ballot because records maintained by your broker, dealer, commercial bank, trust company, or other nominee or intermediary ("Nominee") indicate that you are a beneficial holder of a Claim arising under, related to or in connection with the Bonds (a "Beneficial Holder"). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the solicitation package you are receiving with this Ballot. This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan and making certain certifications with respect to the Bonds. The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the Holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting Class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

If you have any questions regarding this Ballot or the procedures to vote with respect to the Plan, please contact the Debtor's voting agent, Donlin, Recano & Company, Inc. (the "Voting Agent"), at (877) 534-8325 or DRCVote@DonlinRecano.com.

---

### IMPORTANT

You should review the Disclosure Statement and Plan before voting. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or other Claims under the Plan. Bond Claims have been placed in Classes 2 and 4 under the Plan. If you hold more than one Bond Claim, you will receive a Ballot for each Claim you are entitled to vote.

UMB Bank, N.A., as the bond trustee, will not be entitled to vote on behalf of Beneficial Holders; rather, each Beneficial Holder must vote his or her own Ballot.

**VOTING DEADLINE: 5:00 p.m. (prevailing Central Time) on September 4, 2019.**

The voting record date has been set for July 19, 2019.

---

Most Beneficial Holders will submit votes to accept or reject the Plan by completing a Ballot and returning it to their Nominee, who will then prepare and submit a master ballot (a "Master Ballot"). You may have received specific instructions from your Nominee for use in returning completed Ballots. Please follow the instructions provided by your Nominee and return your Ballot in sufficient time for your Nominee to complete and submit the Master Ballot so that is received on or before the Voting Deadline. If a Master Ballot is not received by the Voting Agent, on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan.

Parties wishing to obtain a copy of the Disclosure Statement or Plan may obtain such copies by (i) accessing the Bankruptcy Court's website at http://www.txnb.uscourts.gov; (ii) contacting the Office of the Clerk of the Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 125, Dallas, TX 75242-1496; (iii) contacting the Voting Agent at (877) 534-8325 or DRCVote@DonlinRecano.com; or (iv) accessing the website maintained by the Voting Agent, available at https://www.donlinrecano.com/Clients/mayflwr/Index.

A person signing a Ballot in capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

**Item 1. Principal Amount of Bonds.**

The undersigned hereby certifies that the undersigned is the Beneficial Holder (or authorized signatory for a Beneficial Holder), or the Nominee of a Beneficial Holder, of the Bonds in the CUSIP indicated by your Nominee in the following principal amount:

*(If an amount has not been provided by your bank, broker, nominee or other intermediary on a label below, please insert the amount in box below. If your Bonds are held by a Nominee on your behalf and you do not know the amount of Bonds held or the amount provided on the label is incorrect, please contact your Nominee immediately.)

Amount Held: $_____

**Item 2. Accepting or Rejecting the Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code.**

The undersigned acknowledge(s) receipt of the Plan and Disclosure Statement. Please note that the Plan contemplates separate Classes of Creditors for voting and distribution purposes. You may not split your vote. You must vote all of the Bonds you hold to either accept or to reject the Plan.

**A vote to accept the Plan constitutes your consent to the releases, injunctions, and exculpation provisions specified in the Plan.**

Any Bond Claim represented by this Ballot that (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is incomplete, illegible or unsigned, will not be included in any calculation of votes with respect to the Plan.

The undersigned:  ☐ ACCEPTS (votes FOR) the Plan.

☐ REJECTS (votes AGAINST) the Plan.

2

**Item 3. Certification Regarding Votes Cast on Other Ballots in Respect of the Class 2 – Bond Claims.**

If the Beneficial Holder(s) on behalf of which this Ballot is being cast has (have) cast other Ballots on account of being a Beneficial Holder of Class 2 and 4 Bond Claims, the undersigned certifies (certify) that the requisite information regarding such other Ballots has been included in the tables below (or on additional sheets attached hereto). Only information relating to such other Ballots cast by Beneficial Holder(s) on account of being a Beneficial Holder of Class 2 and 4 Bond Claims should be identified in this Item 3.

**Other Class 2 Claims Ballots Cast By Beneficial Holder**

| | Record Holder Customer Account Number(s) of Other Class 2 Claims | Name of Holder or Nominee of Other Class 2 Claims Voted | CUSIP Number of Other Class 2 Claims Voted | Principal Amount of Other Class 2 Claims Voted |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

**Item 4. Releases**

Section 11.4 of the Plan provides as follows:

**ON THE EFFECTIVE DATE, EXCEPT AS OTHERWISE PROVIDED HEREIN AND EXCEPT FOR THE RIGHT TO ENFORCE THIS PLAN, ALL PERSONS WHO (I) VOTED TO ACCEPT THIS PLAN OR WHO ARE PRESUMED TO HAVE VOTED TO ACCEPT THIS PLAN UNDER SECTION 1126(f) OF THE BANKRUPTCY CODE; OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND WHO VOTE TO REJECT THIS PLAN OR ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS AS OPTING OUT OF THE RELEASES GRANTED UNDER THIS SECTION, SHALL, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, BE DEEMED TO FOREVER RELEASE, WAIVE AND DISCHARGE THE RELEASED PARTIES OF AND FROM ALL LIENS, CLAIMS, CAUSES OF ACTION, LIABILITIES, ENCUMBRANCES, SECURITY INTERESTS, INTERESTS OR CHARGES OF ANY NATURE OR DESCRIPTION WHATSOEVER RELATING TO THE DEBTOR, THE CHAPTER 11 CASE OR AFFECTING PROPERTY OF THE ESTATE, WHETHER KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, SCHEDULED OR UNSCHEDULED, CONTINGENT OR NOT CONTINGENT, UNLIQUIDATED OR FIXED, ADMITTED OR DISPUTED, MATURED OR UNMATURED, SENIOR OR SUBORDINATED, WHETHER ASSERTABLE DIRECTLY OR DERIVATIVELY BY, THROUGH, OR RELATED TO ANY OF THE RELEASED PARTIES AND THEIR SUCCESSORS AND ASSIGNS WHETHER AT LAW, IN EQUITY OR OTHERWISE, BASED UPON ANY CONDITION, EVENT, ACT, OMISSION OCCURRENCE, TRANSACTION OR OTHER ACTIVITY, INACTIVITY, INSTRUMENT OR OTHER AGREEMENT OF ANY KIND OR NATURE OCCURRING, ARISING OR EXISTING PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO OR ARISING OUT OF, IN WHOLE OR IN PART, THE DEBTOR, THE CHAPTER 11 CASE, THE PURSUIT OF CONFIRMATION OF THIS PLAN, THE NEGOTIATION AND CONSUMMATION OF THE SALE, THE CONSUMMATION OF THIS PLAN OR THE ADMINISTRATION OF THIS PLAN,**

3

**INCLUDING WITHOUT LIMITATION, THE NEGOTIATION AND SOLICITATION OF THIS PLAN, ALL REGARDLESS OF WHETHER (A) A PROOF OF CLAIM OR EQUITY INTEREST HAS BEEN FILED OR IS DEEMED TO HAVE BEEN FILED, (B) SUCH CLAIM OR EQUITY INTEREST IS ALLOWED OR (C) THE HOLDER OF SUCH CLAIM OR EQUITY INTEREST HAS VOTED TO ACCEPT OR REJECT THIS PLAN, EXCEPT FOR WILLFUL MISCONDUCT OR GROSS NEGLIGENCE. FOR THE AVOIDANCE OF DOUBT, NOTHING CONTAINED HEREIN SHALL IMPACT THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO RECEIVE A DISTRIBUTION ON ACCOUNT OF ITS ALLOWED CLAIM IN ACCORDANCE WITH SECTION 4 OF THIS PLAN. THE RELEASES SET FORTH IN THIS PLAN, INCLUDING BUT NOT LIMITED TO IN THIS SECTION 11.4, SHALL NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST SENIORITY, INC. OR SQLC WITH RESPECT TO ACTIONS OR CONDUCT RELATED TO FACILITIES OTHER THAN THE DEBTOR.**

If you are entitled to vote to accept or reject the Plan and vote to reject the Plan or abstain from voting, you may opt out of the release provision described above and in Section 11 of the Plan.

<u>**ONLY CHECK BOX IF YOU WANT TO OPT OUT OF RELEASES**</u>

☐ **I elect to opt out, and will not consent to the releases granted in section 11.4 of the Plan.**

**Item 5. Certification**

By returning this Ballot, the undersigned certifies that it is the Beneficial Holder (or is the authorized signatory and has full power and authority to vote for the Beneficial Holder) of the Bonds described in Item 1 above to which this Ballot pertains and is sending this Ballot to its bank, broker, nominee or other intermediary with respect to the Bonds and authorizes and instructs such entity to submit a Master Ballot to the Voting Agent.

Name of Holder: _____
<div align="center">(Print or Type)</div>
Social Security or Federal Tax I.D. No.: _____

Bank or Broker with Custody of My Bonds (Optional):

_____

Bank/Broker DTC Number (Optional): _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address (Optional): _____

Date Completed:  _____

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CONTACT THE VOTING AGENT AT (877) 534-8325 OR DRCVOTE@DONLINRECANO.COM.

## HOW TO COMPLETE THIS BALLOT

The Order approving the Disclosure Statement contains procedures that govern voting and the tabulation of this Beneficial Holder Ballot (the "Voting and Tabulation Procedures"). The Voting and Tabulation Procedures are incorporated herein by reference and should be read in conjunction with completing this Beneficial Holder Ballot.

The Voting Record Date is July 19, 2019. The Voting Record Date is the date for purposes of determining those Holders of Claims that are entitled to vote to accept or reject the Plan.

The Voting Deadline is 5:00 p.m., prevailing Central Time, on September 4, 2019. Please complete, sign and date this Beneficial Holder Ballot, as indicated below, and return it in the envelope provided. IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, YOU MAY RETURN YOUR BALLOT USING THE ENVELOPE PROVIDED. PLEASE ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT BEFORE THE VOTING DEADLINE. BENEFICIAL HOLDER BALLOTS TRANSMITTED BY FACSIMILE, TELECOPY TRANSMISSION OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE COUNTED AS VOTES TO ACCEPT OR REJECT THE PLAN.

To properly complete the Beneficial Holder Ballot, you must follow the procedures described below:

1.  make sure that the information contained in Item 1 is correct;

2.  if you have one or more Bond Claims, cast one vote to accept or reject the Plan with respect to all such Bond Claims by checking the appropriate box in Item 2;

3.  if applicable to you, provide the information required by Item 3;

4.  review the certifications and acknowledgments in Item 4;

5.  sign and date this Beneficial Holder Ballot;

6.  if you are completing and/or signing this Beneficial Holder Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing. The Debtor may at its discretion require you to submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act); and

7.  return your Beneficial Holder Ballot as noted above.

## EXHIBIT A

*Your Nominee may have checked a box below to indicate the securities to which this Beneficial Holder Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Beneficial Holder Ballot.*

| | CUSIP | | CUSIP | | CUSIP |
|---|---|---|---|---|---|
| ☐ | | ☐ | | ☐ | |
| ☐ | | ☐ | | ☐ | |
| ☐ | | ☐ | | ☐ | |
| ☐ | | ☐ | | ☐ | |
| ☐ | | ☐ | | ☐ | |

6

## **EXHIBIT 3-B**

**Classes 2 and 4 - Master Ballot for Bond Claims**

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the *First Amended Disclosure Statement for Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*.

# IN RE: MAYFLOWER COMMUNITIES, INC. (CASE NO. 19-30283)

### THIS MASTER BALLOT IS EXCLUSIVELY FOR THE USE BY NOMINEES ACCEPTING OR REJECTING THE DEBTOR'S PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

### THIS MASTER BALLOT IS EXCLUSIVELY FOR THE USE BY NOMINEES OF BENEFICIAL HOLDERS OF CLASSES 2 AND 4 – BOND CLAIMS

This master ballot (the "Master Ballot") is to be used by you, as a bank, broker, nominee or other intermediary (each of the foregoing, a "Nominee"), for beneficial holders of the Bonds (collectively, the "Beneficial Holders"). This Master Ballot is being sent to Nominees for such Nominees to cast votes to accept or reject the *Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated July 23, 2019 (as it may be amended, modified, or supplemented from time to time, the "Plan") on behalf of and in accordance with the voting instructions cast by the Beneficial Holders. The Plan is attached to the Disclosure Statement for the Plan, dated July 23, 2019 (the "Disclosure Statement"), which accompanies this Master Ballot. All capitalized terms not defined herein shall have the meanings given to them in the Plan and Disclosure Statement.

The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting Class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

---

### IMPORTANT

Beneficial Holders for which you are the Nominee should review the Disclosure Statement and Plan before voting. Such Beneficial Holders may wish to seek legal advice concerning the Plan and the classification and treatment of their Claim or Claims under the Plan. Bond Claims have been placed in Classes 2 and 4 under the Plan. If Beneficial Holders hold more than one Bond Claim, they will receive a Ballot for each claim they are entitled to vote.

**VOTING DEADLINE:   5:00 p.m. (prevailing Central Time) on September 4, 2019.**

The voting record date has been set for July 19, 2019.

If a Master Ballot is not received by Donlin, Recano & Company, Inc. (the "Voting Agent") on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan.

Parties wishing to obtain a copy of the Disclosure Statement or Plan may obtain such copies by (i) accessing the Bankruptcy Court's website at http://www.txnb.uscourts.gov; (ii) contacting the Office of the Clerk of the Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 125, Dallas, TX 75242-1496; (iii) contacting the Voting Agent at (877) 534-8325 or DRCVote@DonlinRecano.com; or (iv) accessing the website maintained by the Voting Agent, available at https://www.donlinrecano.com/Clients/mayflwr/Index.

---

This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.

<table>
<tr><td>

HOW TO VOTE

- COMPLETE A SEPARATE MASTER BALLOT FOR EACH CUSIP THAT YOU HAVE A CLIENT'S VOTE TO RECORD.

- COMPLETE ITEM 1, ITEM 2, ITEM 3 AND ITEM 4 BELOW, TO THE EXTENT APPLICABLE.

- REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

- SIGN THE MASTER BALLOT.

- RETURN THE MASTER BALLOT SO THAT IT IS RECEIVED ON OR BEFORE THE VOTING DEADLINE.

- EACH BENEFICIAL HOLDER MUST VOTE THE FULL AMOUNT OF ITS CLAIMS REPRESENTED BY THIS MASTER BALLOT *EITHER* TO ACCEPT *OR* TO REJECT THE PLAN AND MAY NOT SPLIT THE VOTE WITH RESPECT TO SUCH CLAIMS.

- ANY BENEFICIAL BALLOT REPRESENTED BY THIS MASTER BALLOT THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR A REJECTION OF THE PLAN, (B) INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR (C) IS INCOMPLETE, ILLEGIBLE OR UNSIGNED, WILL NOT BE INCLUDED IN ANY CALCULATION OF VOTES WITH RESPECT TO THE PLAN.

</td></tr>
</table>

**Item 1. Certification of Authority to Vote**.

The undersigned certifies that as of the Voting Deadline, the undersigned (check the applicable box below):

☐ Is a Nominee for the Beneficial Holders of the aggregate principal amounts of the Bond Claims listed in Item 2 below, or is the registered holder of such claims; or

☐ Is acting under a power of attorney or agency (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate principal amounts of the Bond Claims listed in Item 2 below; or

☐ Has been granted a proxy (an original of which is attached hereto) from a Nominee, or a Beneficial Holder, that is the registered holder of the aggregate principal amounts of the Bond Claims listed in Item 2 below; and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Bond Claims listed in Item 2 below.

**Item 2. Vote on Plan.**

The undersigned transmits the following votes and proxies of Beneficial Holders of the Bond Claims and (i) certifies that they are Beneficial Holders of such Bond Claims as of the Voting Record Date and (ii) have delivered to the undersigned, as Nominee, instructions casting such votes.

Instructions: Please complete the following summary schedule for each separate CUSIP that you act as nominee. Additional schedules may be attached as necessary. *YOU MUST USE A SEPARATE MASTER BALLOT FOR EACH CUSIP.*

CUSIP: _____*(Insert CUSIP as to which this Master Ballot pertains.)*

| Customer Account Number(s) | Principal Amount of Claims Voted to ACCEPT the Plan | | Principal Amount of Claims Voted to REJECT the Plan |
|---|---|---|---|
| 1. | $ | OR | $ |
| 2. | $ | OR | $ |
| 3. | $ | OR | $ |
| 4. | $ | OR | $ |
| TOTALS | $ | | $ |
| | Number of Holders: | | Number of Holders: |

**Item 3. Certification as to Transcription of Information from Item 3 as to Ballots Voted Through Beneficial Holder Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial holders in Item 3 of the beneficial holder's original Beneficial Ballot, identifying any Claims for which such beneficial holders have submitted other Beneficial Ballots other than to the undersigned. (use additional sheets if necessary).

| | YOUR Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Beneficial Ballot | Record Holder Customer Account Number(s) of Other Class 2 Claims | Name of Holder or Nominee of Other Class 2 Claims Voted | CUSIP Number of Other Class 2 Claims Voted | Principal Amount of Other Class 2 Claims Voted |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |

**Item 4. Releases**

Section 11.4 of the Plan provides as follows:

**ON THE EFFECTIVE DATE, EXCEPT AS OTHERWISE PROVIDED HEREIN AND EXCEPT FOR THE RIGHT TO ENFORCE THIS PLAN, ALL PERSONS WHO (I) VOTED TO ACCEPT THIS PLAN OR WHO ARE PRESUMED OR DEEMED TO HAVE VOTED TO ACCEPT THIS PLAN UNDER SECTION 1126(f) OF THE BANKRUPTCY CODE; OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND WHO VOTE TO REJECT THIS PLAN OR ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS AS OPTING OUT OF THE RELEASES GRANTED UNDER THIS SECTION, SHALL, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, BE DEEMED TO FOREVER RELEASE, WAIVE AND DISCHARGE THE RELEASED PARTIES OF AND FROM**

3

**ALL LIENS, CLAIMS, CAUSES OF ACTION, LIABILITIES, ENCUMBRANCES, SECURITY INTERESTS, INTERESTS OR CHARGES OF ANY NATURE OR DESCRIPTION WHATSOEVER RELATING TO THE DEBTOR, THE CHAPTER 11 CASE OR AFFECTING PROPERTY OF THE ESTATE, WHETHER KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, SCHEDULED OR UNSCHEDULED, CONTINGENT OR NOT CONTINGENT, UNLIQUIDATED OR FIXED, ADMITTED OR DISPUTED, MATURED OR UNMATURED, SENIOR OR SUBORDINATED, WHETHER ASSERTABLE DIRECTLY OR DERIVATIVELY BY, THROUGH, OR RELATED TO ANY OF THE RELEASED PARTIES AND THEIR SUCCESSORS AND ASSIGNS WHETHER AT LAW, IN EQUITY OR OTHERWISE, BASED UPON ANY CONDITION, EVENT, ACT, OMISSION OCCURRENCE, TRANSACTION OR OTHER ACTIVITY, INACTIVITY, INSTRUMENT OR OTHER AGREEMENT OF ANY KIND OR NATURE OCCURRING, ARISING OR EXISTING PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO OR ARISING OUT OF, IN WHOLE OR IN PART, THE DEBTOR, THE CHAPTER 11 CASE, THE PURSUIT OF CONFIRMATION OF THIS PLAN, THE NEGOTIATION AND CONSUMMATION OF THE SALE, THE CONSUMMATION OF THIS PLAN OR THE ADMINISTRATION OF THIS PLAN, INCLUDING WITHOUT LIMITATION, THE NEGOTIATION AND SOLICITATION OF THIS PLAN, ALL REGARDLESS OF WHETHER (A) A PROOF OF CLAIM OR EQUITY INTEREST HAS BEEN FILED OR IS DEEMED TO HAVE BEEN FILED, (B) SUCH CLAIM OR EQUITY INTEREST IS ALLOWED OR (C) THE HOLDER OF SUCH CLAIM OR EQUITY INTEREST HAS VOTED TO ACCEPT OR REJECT THIS PLAN, EXCEPT FOR WILLFUL MISCONDUCT OR GROSS NEGLIGENCE. FOR THE AVOIDANCE OF DOUBT, NOTHING CONTAINED HEREIN SHALL IMPACT THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO RECEIVE A DISTRIBUTION ON ACCOUNT OF ITS ALLOWED CLAIM IN ACCORDANCE WITH SECTION 4 OF THIS PLAN. THE RELEASES SET FORTH IN THIS PLAN, INCLUDING BUT NOT LIMITED TO IN THIS SECTION 11.4, SHALL NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST SENIORITY, INC. OR SQLC WITH RESPECT TO ACTIONS OR CONDUCT RELATED TO FACILITIES OTHER THAN THE DEBTOR.**

If you are entitled to vote to accept or reject the Plan and vote to reject the Plan or abstain from voting, you may opt out of the release provision described above and in Section 11 of the Plan.

| Customer Account Number(s) | Principal Amount of Claims Voted to Reject the Plan or Abstaining from Voting | Mark "YES" If Opting Out of the Release Provision |
|---|---|---|
| 1. | $ | |
| 2. | $ | |
| 3. | $ | |
| 4. | $ | |

**Item 5.  Certification.**

By signing below, the Nominee hereby certifies that (i) the summary is a true and accurate schedule of the Beneficial Holders of the Bonds who have delivered Beneficial Holders Ballots to the undersigned Nominee; (ii) the undersigned Nominee is the holder, through a position held at a securities depository, or in street name, of the Bonds set forth above; (iii) the undersigned Nominee will retain the Beneficial Holder's Ballots returned by the Beneficial Holder identified in Item 2 above for at least one year after the Voting Deadline for disclosure to the Bankruptcy Court, the Voting Agent, or any other appropriate party if so required, and (iv) each Beneficial Holder of the Bond Claims listed in Item 2 above has certified that it (a) is the holder of such Bond Claims and (b) has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the Plan.

Name of Broker, Bank or Other Nominee:_____

<div align="center">(Print or Type)</div>

Name of Proxy Holder or Agent for Broker, Bank or Other Nominee (if applicable): _____

Participant Number (if applicable): _____

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

---

<div align="center">

This Master Ballot must be received by the Voting Agent at:

If by first class mail:
Donlin Recano & Company, Inc.
Re: Mayflower Communities, Inc.
P.O. BOX 199043
Blythebourne Station
Brooklyn, New York 11219

If by hand delivery or overnight mail:
Donlin Recano & Company, Inc.
Re: Mayflower Communities, Inc.
6201 15th Avenue
Brooklyn, New York 11219

</div>

by the Voting Deadline, September 4, 2019 at 5:00 P.M. (prevailing Central Time), or the votes contained herein will not be counted.

Master Ballots will not be accepted by facsimile or other electronic delivery.

For any questions contact the Voting Agent at (877) 534-8325 or DRCVote@DonlinRecano.com.

---

<div align="center">5</div>

## HOW TO COMPLETE THE MASTER BALLOT

The Order approving the Disclosure Statement contains procedures that govern voting and the tabulation of this Master Ballot (the "Voting and Tabulation Procedures").  The Voting and Tabulation Procedures are incorporated herein by reference and should be read in conjunction with completing this Master Ballot.

The Voting Record Date is July 19, 2019.  The Voting Record Date is the date for purposes of determining those holders of Claims that are entitled to vote to accept or reject the Plan.

The Voting Deadline is 5:00 p.m., prevailing Central Time, on September 4, 2019.  Please complete, sign and date this Master Ballot, as indicated below, and return it to the Voting Agent, Donlin Recano & Company, Inc., at the following address:

| If by first class mail: | If by hand delivery or overnight mail: |
|---|---|
| Donlin Recano & Company, Inc. Re: Mayflower Communities, Inc. P.O. BOX 199043 Blythebourne Station Brooklyn, New York 11219 | Donlin Recano & Company, Inc. Re: Mayflower Communities, Inc. 6201 15th Avenue Brooklyn, New York 11219 |

IF THIS MASTER BALLOT IS NOT ACTUALLY RECEIVED BY 5:00 P.M., PREVAILING CENTRAL TIME, ON _____, 2019, IT WILL NOT BE COUNTED.  MASTER BALLOTS TRANSMITTED BY FACSIMILE, TELECOPY TRANSMISSION OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE COUNTED AS VOTES TO ACCEPT OR REJECT THE PLAN.

If you are transmitting the votes of any Beneficial Holders, other than yourself,[1] you may *either:*

1.       "Prevalidate" the individual Beneficial Ballot contained in the solicitation package and then forward the solicitation package with such prevalidated Ballot to the beneficial holder of the Bond Claims for voting within five (5) business days after receipt of the solicitation package, with the beneficial holder then returning its individual Beneficial Ballot directly to the Voting Agent in the return envelope provided in the solicitation package.  A Voting Nominee "prevalidates" a Beneficial Ballot by completing Item 1, and fully executing Item 4, and indicating thereon the appropriate account numbers through which the beneficial holder's holdings are derived and the depository participant number of the Voting Nominee.

OR

2.       Forward the solicitation package to the beneficial holder of the Bond Claims for voting along with a return envelope provided by and addressed to you, with the beneficial holder then returning the individual Beneficial Ballot to you.  In such case, you, as the Voting Nominee, will tabulate the votes of all of your respective beneficial holders on this Master Ballot, in accordance with these instructions, and then return the Master Ballot to the Voting Agent.  You should advise your beneficial holders to return their individual Beneficial Ballots to you by a date calculated to allow you to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is actually received by the Voting Agent by the Voting Deadline.

---

[1] If you are both the registered holder and Beneficial Holder, you may use either a Master Ballot and Ballot or a prevalidated Ballot for the appropriate security to cast your vote.

With respect to those Ballots returned to you, you must properly complete the Master Ballot, as follows:

a. check the appropriate box in Item 1 on the Master Ballot;

b. in Item 2 of this Master Ballot, indicate the votes to accept or reject the Plan, as transmitted to you by the Beneficial Holders. To identify such Beneficial Holders without disclosing their names, please use the customer account number assigned by you to each such Beneficial Holder, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each Beneficial Holder and the assigned number). IMPORTANT: BENEFICIAL HOLDERS MAY *NOT* SPLIT THEIR VOTES. EACH BENEFICIAL HOLDER MUST VOTE *ALL* OF HIS, HER, OR ITS BOND CLAIMS *EITHER* TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL HOLDER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE SOLICITATION AND TABULATION AGENT IMMEDIATELY. Any Ballot or Master Ballot which is validly executed but (i) which does not indicate acceptance or rejection of the Plan by the indicated Beneficial Holder, or (ii) indicates both an acceptance and rejection of the Plan by the indicated Beneficial Holder, will not be counted;

c. Carefully review the authorization in Item 3 of the Master Ballot and transcribe any information required;

d. Sign and date the Master Ballot, and provide the remaining information requested;

e. If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

f. Contact the Voting Agent to arrange for delivery of the completed Master Ballot to its offices; and

g. Deliver the completed, executed Master Ballot so as to be *actually received* by the Voting Agent before the Voting Deadline. For each completed, executed Ballot returned to you by a Beneficial Holder, either forward such Ballot (along with your Master Ballot) to the Voting Agent or retain such Ballot in your files for at least one year after the Voting Deadline.

7

## **EXHIBIT 3-C**

**Class 3 –  Ballot for Holders of Other Secured Claims**

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the *First Amended Disclosure Statement for Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*.

## IN RE: MAYFLOWER COMMUNITIES, INC. (CASE NO. 19-30283)

### BALLOT FOR ACCEPTING OR REJECTING THE
### DEBTOR'S PLAN OF LIQUIDATION
### <u>PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE</u>

### THIS BALLOT IS EXCLUSIVELY FOR THE USE BY
### HOLDERS OF CLASS 3 – OTHER SECURED CLAIMS

This ballot ("<u>Ballot</u>") is being sent to Holders of Other Secured Claims (the "<u>Holders</u>") for use in voting to accept or reject the *Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated July 23, 2019 (as it may be amended, modified, or supplemented from time to time, the "<u>Plan</u>") and in connection with the Disclosure Statement for the Plan, dated July 23, 2019 (as it may be amended, modified, or supplemented from time to time, the "<u>Disclosure Statement</u>"), copies of which accompany this Ballot. All capitalized terms not defined herein shall have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which was included in the solicitation package you are receiving with this Ballot. This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan. The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting Class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

If you have any questions regarding this Ballot or the procedures to vote with respect to the Plan, please contact the voting agent, Donlin, Recano & Company, Inc. (the "<u>Voting Agent</u>") at (877) 534-8325 or DRCVote@DonlinRecano.com.

| IMPORTANT |
| --- |
| You should review the Disclosure Statement and Plan before voting. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or other Claims under the Plan. Other Secured Claims have been placed in Class 3 under the Plan. |
| VOTING DEADLINE:     5:00 p.m. (prevailing Central Time) on September 4, 2019. |
| If a properly completed, originally signed Ballot is not received by the Voting Agent, on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan. Please return your Ballot to: |
| If by first class mail: <br> Donlin Recano & Company, Inc. <br> Re: Mayflower Communities, Inc. <br> P.O. BOX 199043 <br> Blythebourne Station <br> Brooklyn, New York 11219 |

If by hand delivery or overnight mail:
Donlin Recano & Company, Inc.
Re: Mayflower Communities, Inc.
6201 15th Avenue
Brooklyn, New York 11219

Parties wishing to obtain a copy of the Disclosure Statement or Plan may obtain such copies by (i) accessing the Bankruptcy Court's website at http://www.txnb.uscourts.gov; (ii) contacting the Office of the Clerk of the Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 125, Dallas, TX 75242-1496; (iii) contacting the Voting Agent at (877) 534-8325 or DRCVote@DonlinRecano.com; or (iv) accessing the website maintained by the Voting Agent, available at https://www.donlinrecano.com/Clients/mayflwr/Index.

A person signing a Ballot in capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

**Item 1.     Amount of Other Secured Claims**

The undersigned hereby certifies that the undersigned is the Holder (or authorized signatory for the Holder) of Other Secured Claims in the following aggregate amount:

Amount of Claim(s):  $_____

**Item 2.     Accepting or Rejecting the Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code**

The undersigned acknowledge(s) receipt of the Plan.  Please note that the Plan contemplates separate classes of creditors for voting and distribution purposes.  You may not split your vote.  You must vote the entire claim that you hold to accept or to reject the Plan.

**A vote to accept the Plan constitutes your consent to the releases, injunctions, and exculpation provisions specified in the Plan.**

Any Claim represented by this Ballot that (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is incomplete, illegible or does not contain an original signature, will not be included in any calculation of votes with respect to the Plan.

Holders may modify votes to accept or reject the Plan at any time prior to the Voting Deadline of September 4, 2019 at 5:00 p.m. (prevailing Central Time).

The undersigned:

| ☐ ACCEPTS (votes FOR) the Plan. |
|---|

| ☐ REJECTS (votes AGAINST) the Plan. |
|---|

2

**Item 3.  Releases**

Section 11.4 of the Plan provides as follows:

**ON THE EFFECTIVE DATE, EXCEPT AS OTHERWISE PROVIDED HEREIN AND EXCEPT FOR THE RIGHT TO ENFORCE THIS PLAN, ALL PERSONS WHO (I) VOTED TO ACCEPT THIS PLAN OR WHO ARE PRESUMED OR DEEMED TO HAVE VOTED TO ACCEPT THIS PLAN UNDER SECTION 1126(f) OF THE BANKRUPTCY CODE; OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND WHO VOTE TO REJECT THIS PLAN OR ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS AS OPTING OUT OF THE RELEASES GRANTED UNDER THIS SECTION, SHALL, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, BE DEEMED TO FOREVER RELEASE, WAIVE AND DISCHARGE THE RELEASED PARTIES OF AND FROM ALL LIENS, CLAIMS, CAUSES OF ACTION, LIABILITIES, ENCUMBRANCES, SECURITY INTERESTS, INTERESTS OR CHARGES OF ANY NATURE OR DESCRIPTION WHATSOEVER RELATING TO THE DEBTOR, THE CHAPTER 11 CASE OR AFFECTING PROPERTY OF THE ESTATE, WHETHER KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, SCHEDULED OR UNSCHEDULED, CONTINGENT OR NOT CONTINGENT, UNLIQUIDATED OR FIXED, ADMITTED OR DISPUTED, MATURED OR UNMATURED, SENIOR OR SUBORDINATED, WHETHER ASSERTABLE DIRECTLY OR DERIVATIVELY BY, THROUGH, OR RELATED TO ANY OF THE RELEASED PARTIES AND THEIR SUCCESSORS AND ASSIGNS WHETHER AT LAW, IN EQUITY OR OTHERWISE, BASED UPON ANY CONDITION, EVENT, ACT, OMISSION OCCURRENCE, TRANSACTION OR OTHER ACTIVITY, INACTIVITY, INSTRUMENT OR OTHER AGREEMENT OF ANY KIND OR NATURE OCCURRING, ARISING OR EXISTING PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO OR ARISING OUT OF, IN WHOLE OR IN PART, THE DEBTOR, THE CHAPTER 11 CASE, THE PURSUIT OF CONFIRMATION OF THIS PLAN, THE NEGOTIATION AND CONSUMMATION OF THE SALE, THE CONSUMMATION OF THIS PLAN OR THE ADMINISTRATION OF THIS PLAN, INCLUDING WITHOUT LIMITATION, THE NEGOTIATION AND SOLICITATION OF THIS PLAN, ALL REGARDLESS OF WHETHER (A) A PROOF OF CLAIM OR EQUITY INTEREST HAS BEEN FILED OR IS DEEMED TO HAVE BEEN FILED, (B) SUCH CLAIM OR EQUITY INTEREST IS ALLOWED OR (C) THE HOLDER OF SUCH CLAIM OR EQUITY INTEREST HAS VOTED TO ACCEPT OR REJECT THIS PLAN, EXCEPT FOR WILLFUL MISCONDUCT OR GROSS NEGLIGENCE.  FOR THE AVOIDANCE OF DOUBT, NOTHING CONTAINED HEREIN SHALL IMPACT THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO RECEIVE A DISTRIBUTION ON ACCOUNT OF ITS ALLOWED CLAIM IN ACCORDANCE WITH SECTION 4 OF THIS PLAN.  THE RELEASES SET FORTH IN THIS PLAN, INCLUDING BUT NOT LIMITED TO IN THIS SECTION 11.4, SHALL NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST SENIORITY, INC. OR SQLC WITH RESPECT TO ACTIONS OR CONDUCT RELATED TO FACILITIES OTHER THAN THE DEBTOR.**

If you are entitled to vote to accept or reject the Plan and vote to reject the Plan or abstain from voting, you may opt out of the release provision described above and in Section 11 of the Plan.

## ONLY CHECK BOX IF YOU WANT TO OPT OUT OF RELEASES

☐ **I elect to opt out, and will not consent to the releases granted in section 11.4 of the Plan.**

**Item 4.  Certification**

By returning this Ballot, the undersigned certifies that it is either (i) the Holder (or is the authorized signatory and has full power and authority to vote for the Holder) of the Other Secured Claims described in Item 1 above to which this Ballot pertains and (ii) has been provided with a copy of the Plan and Disclosure Statement and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan and Disclosure Statement.

Name of Holder: _____

<div align="center">(Print or Type)</div>

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address (Optional): _____

Date Completed: _____

<div align="center">4</div>

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CONTACT THE VOTING AGENT AT (877) 534-8325 OR DRCVOTE@DONLINRECANO.COM.

| VOTING DEADLINE | |
|---|---|
| This Ballot must be received by the Voting Agent at: | |
| If by regular mail: | If by messenger or overnight delivery: |
| Donlin Recano & Company, Inc. <br> Re: Mayflower Communities, Inc. <br> P.O. BOX 199043 <br> Blythebourne Station <br> Brooklyn, New York 11219 | Donlin Recano & Company, Inc. <br> Re: Mayflower Communities, Inc. <br> 6201 15th Avenue <br> Brooklyn, New York 11219 |
| | |
| by the Voting Deadline, September 4, 2019 at 5:00 P.M. (prevailing Central Time), or the votes contained herein will not be counted. <br><br> Ballots will not be accepted by facsimile or other electronic delivery. <br><br> For any questions contact the Voting Agent at (877) 534-8325 or DRCVote@DonlinRecano.com. | |

To properly complete this Ballot, you must follow the procedures described below:

1. complete Item 1;

2. check one box in Item 2 to vote to accept or reject the Plan;

3. review the certifications and acknowledgments in Item 3;

4. sign and date this Ballot;

5. if you are completing and/or signing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and, at the Debtor's discretion, you may be required to submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act); and

6. return your Ballot as noted above.

5

## EXHIBIT 3-D

## CLASS 4 - BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the *First Amended Disclosure Statement for Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*.

## IN RE: MAYFLOWER COMMUNITIES, INC. (CASE NO. 19-30283)

### BALLOT FOR ACCEPTING OR REJECTING THE
### DEBTOR'S PLAN OF LIQUIDATION
### <u>PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE</u>

### THIS BALLOT IS EXCLUSIVELY FOR THE USE BY
### HOLDERS OF CLASS 4 – GENERAL UNSECURED CLAIMS

This ballot ("<u>Ballot</u>") is being sent to holders of General Unsecured Claims (the "<u>Holders</u>") for use in voting to accept or reject the *Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated July 23, 2019 (as it may be amended, modified, or supplemented from time to time, the "<u>Plan</u>"), and in connection with the Disclosure Statement for the Plan, dated July 23, 2019 (as it may be amended, modified, or supplemented from time to time, the "<u>Disclosure Statement</u>"), copies of which accompany this Ballot.   All capitalized terms not defined herein shall have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which was included in the solicitation package you are receiving with this Ballot.   This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan.  The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting Class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

If you have any questions regarding this Ballot or the procedures to vote with respect to the Plan, please contact the voting agent, Donlin, Recano & Company, Inc. (the "<u>Voting Agent</u>"), at (877) 534-8325 or DRCVote@DonlinRecano.com.

| IMPORTANT |
|---|
| You should review the Disclosure Statement and Plan before voting.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan.  General Unsecured Claims have been placed in Class 4 under the Plan.<br><br>**VOTING DEADLINE:   5:00 p.m. (prevailing Central Time) on September 4, 2019.**<br><br>If a properly completed, originally signed Ballot is not received by the Voting Agent, on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan.  Please return your Ballot to:<br><br><div align="center">If by first class mail:<br>Donlin Recano & Company, Inc.<br>Re: Mayflower Communities, Inc.<br>P.O. BOX 199043<br>Blythebourne Station<br>Brooklyn, New York 11219</div> |

If by hand delivery or overnight mail:
Donlin Recano & Company, Inc.
Re: Mayflower Communities, Inc.
6201 15th Avenue
Brooklyn, New York 11219

Parties wishing to obtain a copy of the Disclosure Statement or Plan may obtain such copies by (i) accessing the Bankruptcy Court's website at http://www.txnb.uscourts.gov; (ii) contacting the Office of the Clerk of the Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 125, Dallas, TX 75242-1496; (iii) contacting the Voting Agent at (877) 534-8325 or DRCVote@DonlinRecano.com; or (iv) accessing the website maintained by the Voting Agent, available at https://www.donlinrecano.com/Clients/mayflwr/Index.

A person signing a Ballot in capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

**Item 1.  Amount of General Unsecured Claims**

The undersigned hereby certifies that the undersigned is the Holder (or authorized signatory for the Holder) of General Unsecured Claims in the following aggregate amount:

Amount of Claim(s):  $_____

**Item 2.      Accepting or Rejecting the Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code**

The undersigned acknowledge(s) receipt of the Plan.  Please note that the Plan contemplates separate Classes of Creditors for voting and distribution purposes.  You may not split your vote.  You must vote the entire Claim that you hold to accept or to reject the Plan.

**A vote to accept the Plan constitutes your consent to the releases, injunctions, and exculpation provisions specified in the Plan.**

Any Claim represented by this Ballot that (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is incomplete, illegible or does not contain an original signature, will not be included in any calculation of votes with respect to the Plan.

Holders may modify votes to accept or reject the Plan at any time prior to the Voting Deadline of September 4, 2019 at 5:00 p.m. (prevailing Central Time).

The undersigned:

| ☐ ACCEPTS (votes FOR) the Plan. |
| --- |

| ☐ REJECTS (votes AGAINST) the Plan. |
| --- |

**Item 3. Releases**

Section 11.4 of the Plan provides as follows:

**ON THE EFFECTIVE DATE, EXCEPT AS OTHERWISE PROVIDED HEREIN AND EXCEPT FOR THE RIGHT TO ENFORCE THIS PLAN, ALL PERSONS WHO (I) VOTED TO ACCEPT THIS PLAN OR WHO ARE PRESUMED OR DEEMED TO HAVE VOTED TO ACCEPT THIS PLAN UNDER SECTION 1126(f) OF THE BANKRUPTCY CODE; OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND WHO VOTE TO REJECT THIS PLAN OR ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS AS OPTING OUT OF THE RELEASES GRANTED UNDER THIS SECTION, SHALL, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, BE DEEMED TO FOREVER RELEASE, WAIVE AND DISCHARGE THE RELEASED PARTIES OF AND FROM ALL LIENS, CLAIMS, CAUSES OF ACTION, LIABILITIES, ENCUMBRANCES, SECURITY INTERESTS, INTERESTS OR CHARGES OF ANY NATURE OR DESCRIPTION WHATSOEVER RELATING TO THE DEBTOR, THE CHAPTER 11 CASE OR AFFECTING PROPERTY OF THE ESTATE, WHETHER KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, SCHEDULED OR UNSCHEDULED, CONTINGENT OR NOT CONTINGENT, UNLIQUIDATED OR FIXED, ADMITTED OR DISPUTED, MATURED OR UNMATURED, SENIOR OR SUBORDINATED, WHETHER ASSERTABLE DIRECTLY OR DERIVATIVELY BY, THROUGH, OR RELATED TO ANY OF THE RELEASED PARTIES AND THEIR SUCCESSORS AND ASSIGNS WHETHER AT LAW, IN EQUITY OR OTHERWISE, BASED UPON ANY CONDITION, EVENT, ACT, OMISSION OCCURRENCE, TRANSACTION OR OTHER ACTIVITY, INACTIVITY, INSTRUMENT OR OTHER AGREEMENT OF ANY KIND OR NATURE OCCURRING, ARISING OR EXISTING PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO OR ARISING OUT OF, IN WHOLE OR IN PART, THE DEBTOR, THE CHAPTER 11 CASE, THE PURSUIT OF CONFIRMATION OF THIS PLAN, THE NEGOTIATION AND CONSUMMATION OF THE SALE, THE CONSUMMATION OF THIS PLAN OR THE ADMINISTRATION OF THIS PLAN, INCLUDING WITHOUT LIMITATION, THE NEGOTIATION AND SOLICITATION OF THIS PLAN, ALL REGARDLESS OF WHETHER (A) A PROOF OF CLAIM OR EQUITY INTEREST HAS BEEN FILED OR IS DEEMED TO HAVE BEEN FILED, (B) SUCH CLAIM OR EQUITY INTEREST IS ALLOWED OR (C) THE HOLDER OF SUCH CLAIM OR EQUITY INTEREST HAS VOTED TO ACCEPT OR REJECT THIS PLAN, EXCEPT FOR WILLFUL MISCONDUCT OR GROSS NEGLIGENCE. FOR THE AVOIDANCE OF DOUBT, NOTHING CONTAINED HEREIN SHALL IMPACT THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO RECEIVE A DISTRIBUTION ON ACCOUNT OF ITS ALLOWED CLAIM IN ACCORDANCE WITH SECTION 4 OF THIS PLAN. THE RELEASES SET FORTH IN THIS PLAN, INCLUDING BUT NOT LIMITED TO IN THIS SECTION 11.4, SHALL NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST SENIORITY, INC. OR SQLC WITH RESPECT TO ACTIONS OR CONDUCT RELATED TO FACILITIES OTHER THAN THE DEBTOR.**

If you are entitled to vote to accept or reject the Plan and vote to reject the Plan or abstain from voting, you may opt out of the release provision described above and in Section 11 of the Plan.

**ONLY CHECK BOX IF YOU WANT TO OPT OUT OF RELEASES**

☐ **I elect to opt out, and will not consent to the releases granted in section 11.4 of the Plan.**

**Item 4. Certification**

By returning this Ballot, the undersigned certifies that it is either (i) the Holder (or is the authorized signatory and has full power and authority to vote for the Holder) of the General Unsecured Claims described in Item 1 above to which this Ballot pertains and (ii) has been provided with a copy of the Plan and Disclosure Statement and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan and Disclosure Statement.

Name of Holder: _____

(Print or Type)

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address (Optional): _____

Date Completed: _____

4

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CONTACT THE VOTING AGENT AT (877) 534-8325 OR DRCVOTE@DONLINRECANO.COM.

| VOTING DEADLINE |
| --- |
| This Ballot must be received by the Voting Agent at: |

| If by regular mail: | If by messenger or overnight delivery: |
| --- | --- |
| Donlin Recano & Company, Inc.<br>Re: Mayflower Communities, Inc.<br>P.O. BOX 199043<br>Blythebourne Station<br>Brooklyn, New York 11219 | Donlin Recano & Company, Inc.<br>Re: Mayflower Communities, Inc.<br>6201 15th Avenue<br>Brooklyn, New York 11219 |
| | |

by the Voting Deadline, September 4, 2019 at 5:00 P.M. (prevailing Central Time), or the votes contained herein will not be counted.

Ballots will not be accepted by facsimile or other electronic delivery.

For any questions contact the Voting Agent at (877) 534-8325 or DRCVote@DonlinRecano.com.

To properly complete this Ballot, you must follow the procedures described below:

1. complete Item 1;

2. check one box in Item 2 to vote to accept or reject the Plan;

3. review the certifications and acknowledgments in Item 3;

4. sign and date this Ballot;

5. if you are completing and/or signing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and, at the Debtor's discretion, you may be required to submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act); and

6. return your Ballot as noted above.

## **EXHIBIT 4**

**Confirmation Hearing Notice**

Daniel B. Prieto, State Bar No. 24048744
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: (214) 743-4500
Fax: (214) 743-4545
E-mail: dan.prieto@dlapiper.com

COUNSEL FOR THE DEBTOR

Thomas R. Califano (admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
E-mail: thomas.califano@dlapiper.com

Rachel Nanes (admitted *pro hac vice*)
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: (305) 423-8563
Fax: (305) 675-8206
E-mail: rachel.nanes@dlapiper.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **CHAPTER 11** |
| **MAYFLOWER COMMUNITIES, INC.**[1] | § | |
| | § | **CASE NO. 19-30283 (HDH)** |
| Debtor. | § | |

## NOTICE OF CONFIRMATION HEARING AND
## DEADLINE FOR OBJECTING TO CONFIRMATION

**PLEASE TAKE NOTICE** that on July 23, 2019, Mayflower Communities, Inc. d/b/a The Barrington of Carmel (the "Debtor") filed the *First Amended Disclosure Statement for the Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, modified, or supplemented from time to time, the "Disclosure Statement") and the *Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, modified, or supplemented from time to time, the "Plan"). On July [●], 2019, the Honorable Harlin D. Hale, United States Bankruptcy Judge for the Northern District of Texas, Courtroom 3, United States Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce Street, Fourteenth Floor, Dallas, Texas 75254-1496 (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order"), among other things, (i) approving the Disclosure Statement, (ii) approving certain related notice procedures and other procedures for the solicitation and tabulation of votes to accept or reject the Plan, and (iii) scheduling a hearing for confirmation of the Plan.

## HEARING ON CONFIRMATION OF THE PLAN

The hearing to confirm the Plan ("Confirmation Hearing") will commence on **September 17, 2019 at 9:00 a.m.** (prevailing Central Time), or as soon thereafter as counsel can be heard,

---

[1] The last four digits of the Debtor's federal tax identification number are 6350. The mailing address for the Debtor is 1335 S. Guilford Road Carmel, Indiana 46032-2810.

before the Bankruptcy Court.  The Confirmation Hearing may be continued from time to time by the announcement of such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified pursuant to 11 U.S.C. § 1127 prior to, during or as a result of the Confirmation Hearing, without further notice to parties in interest.

## RELEASES

Section 11 of the Plan contains the following release, exculpation, and injunction language:

***Debtor Releases.*** **PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THIS PLAN OR THE PLAN SUPPLEMENT, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE EXPEDITIOUS LIQUIDATION OF THE DEBTOR AND THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED BY THE PLAN, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES ARE DEEMED RELEASED AND DISCHARGED BY THE DEBTOR AND ITS ESTATE FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTOR, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT THE DEBTOR OR ITS ESTATE WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR, THE DEBTOR'S CHAPTER 11 CASE, THE SALE OR THE TRANSACTIONS OR EVENTS GIVING RISE TO ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE DEBTOR'S CHAPTER 11 CASE, THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN, THE DISCLOSURE STATEMENT, ANY PLAN SUPPLEMENT OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS (COLLECTIVELY, THE "*DEBTOR RELEASED CLAIMS*"), OTHER THAN DEBTOR RELEASED CLAIMS AGAINST A RELEASED PARTY ARISING OUT OF THE GROSS NEGLIGENCE, WILLFUL MISCONDUCT, INTENTIONAL FRAUD, OR CRIMINAL LIABILITY OF ANY SUCH PERSON OR ENTITY.**

***Releases by Holders of Claims***.  **ON THE EFFECTIVE DATE, EXCEPT AS OTHERWISE PROVIDED HEREIN AND EXCEPT FOR THE RIGHT TO ENFORCE THIS PLAN, ALL PERSONS WHO (I) VOTED TO ACCEPT THIS PLAN OR WHO ARE PRESUMED OR DEEMED TO HAVE VOTED TO ACCEPT THIS PLAN UNDER SECTION 1126(f) OF THE BANKRUPTCY CODE; OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND WHO VOTE TO REJECT THIS PLAN OR ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS AS OPTING OUT OF THE RELEASES GRANTED UNDER THIS SECTION, SHALL, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, BE DEEMED TO FOREVER RELEASE, WAIVE AND DISCHARGE THE RELEASED PARTIES OF AND FROM**

ALL LIENS, CLAIMS, CAUSES OF ACTION, LIABILITIES, ENCUMBRANCES, SECURITY INTERESTS, INTERESTS OR CHARGES OF ANY NATURE OR DESCRIPTION WHATSOEVER RELATING TO THE DEBTOR, THE CHAPTER 11 CASE OR AFFECTING PROPERTY OF THE ESTATE, WHETHER KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, SCHEDULED OR UNSCHEDULED, CONTINGENT OR NOT CONTINGENT, UNLIQUIDATED OR FIXED, ADMITTED OR DISPUTED, MATURED OR UNMATURED, SENIOR OR SUBORDINATED, WHETHER ASSERTABLE DIRECTLY OR DERIVATIVELY BY, THROUGH, OR RELATED TO ANY OF THE RELEASED PARTIES AND THEIR SUCCESSORS AND ASSIGNS WHETHER AT LAW, IN EQUITY OR OTHERWISE, BASED UPON ANY CONDITION, EVENT, ACT, OMISSION OCCURRENCE, TRANSACTION OR OTHER ACTIVITY, INACTIVITY, INSTRUMENT OR OTHER AGREEMENT OF ANY KIND OR NATURE OCCURRING, ARISING OR EXISTING PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO OR ARISING OUT OF, IN WHOLE OR IN PART, THE DEBTOR, THE CHAPTER 11 CASE, THE PURSUIT OF CONFIRMATION OF THIS PLAN, THE NEGOTIATION AND CONSUMMATION OF THE SALE, THE CONSUMMATION OF THIS PLAN OR THE ADMINISTRATION OF THIS PLAN, INCLUDING WITHOUT LIMITATION, THE NEGOTIATION AND SOLICITATION OF THIS PLAN, ALL REGARDLESS OF WHETHER (A) A PROOF OF CLAIM OR EQUITY INTEREST HAS BEEN FILED OR IS DEEMED TO HAVE BEEN FILED, (B) SUCH CLAIM OR EQUITY INTEREST IS ALLOWED OR (C) THE HOLDER OF SUCH CLAIM OR EQUITY INTEREST HAS VOTED TO ACCEPT OR REJECT THIS PLAN, EXCEPT FOR WILLFUL MISCONDUCT OR GROSS NEGLIGENCE. FOR THE AVOIDANCE OF DOUBT, NOTHING CONTAINED HEREIN SHALL IMPACT THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO RECEIVE A DISTRIBUTION ON ACCOUNT OF ITS ALLOWED CLAIM IN ACCORDANCE WITH SECTION 4 OF THIS PLAN. THE RELEASES SET FORTH IN THIS PLAN, INCLUDING BUT NOT LIMITED TO IN THIS SECTION 11.4, SHALL NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST SENIORITY, INC. OR SQLC WITH RESPECT TO ACTIONS OR CONDUCT RELATED TO FACILITIES OTHER THAN THE DEBTOR.

*Exculpation.* NONE OF THE EXCULPATED PARTIES SHALL HAVE OR INCUR ANY LIABILITY TO ANY HOLDER OF A CLAIM OR INTEREST, OR OTHER PARTY IN INTEREST, OR ANY OF THEIR RESPECTIVE MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, ADVISORS, PROFESSIONALS, ATTORNEYS OR AGENTS OR ANY OF THEIR SUCCESSORS AND ASSIGNS, WITH RESPECT TO ANY EXCULPATED CLAIM, INCLUDING, WITHOUT LIMITATION, ANY ACT OR OMISSION IN CONNECTION WITH, RELATED TO, OR ARISING OUT OF, IN WHOLE OR IN PART, THE DEBTOR'S CHAPTER 11 CASE, EXCEPT FOR THEIR WILLFUL MISCONDUCT OR GROSS NEGLIGENCE AS DETERMINED BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION, AND, IN ALL RESPECTS, THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THIS PLAN.

*Injunction.* FROM AND AFTER THE EFFECTIVE DATE, ALL PERSONS WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR INTEREST IN THE

**DEBTOR ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THIS PLAN OR THE CONFIRMATION ORDER.**

**FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN THIS PLAN, THE RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THIS PLAN.**

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS PLAN, THE PLAN SUPPLEMENT OR RELATED DOCUMENTS, ALL PERSONS WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE SUBJECT TO EXCULPATION, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH PERSONS ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (C) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH PERSONS OR THE PROPERTY OR ESTATES OF SUCH PERSONS ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; AND (D) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, SETTLED OR DISCHARGED PURSUANT TO THIS PLAN.**

**THE RIGHTS AFFORDED IN THIS PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS THEREUNDER SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTOR OR ANY OF ITS ASSETS, PROPERTY OR ESTATE. ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED, AND THE INTERESTS SHALL BE CANCELLED (EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS PLAN).**

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THIS PLAN, ALL CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED, AND ALL INTERESTS SHALL BE CANCELLED, AND THE DEBTOR'S LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(g) OF THE BANKRUPTCY CODE.**

**ALL PERSONS SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTOR, THE DEBTOR'S ESTATE, ITS RESPECTIVE SUCCESSORS AND ASSIGNS, AND ITS ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS OR ANY ACT OR OMISSION, TRANSACTION OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.**

<div align="center">

**OBJECTION DEADLINE AND PROCEDURES**
**FOR FILING OBJECTIONS TO THE PLAN**

</div>

The Bankruptcy Court has established **September 4, 2019 at 5:00 p.m. (prevailing Central Time)** as the deadline for filing and serving objections to confirmation of the Plan (the "Objection Deadline"). Objections not timely filed and served will be overruled by the Bankruptcy Court.

To be considered by the Bankruptcy Court, any objections to the Plan must be (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "Administrative Procedures") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txnb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be *actually received* not later than **5:00 p.m. (prevailing Central Time) on September 4, 2019** and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline: (i) counsel for the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020, Attn: Thomas R. Califano (thomas.califano@dlapiper.com), DLA Piper LLP (US), 1900 North Pearl Street, Suite 2200, Dallas, Texas 75201, Attn: Dan Prieto (dan.prieto@dlapiper.com) and DLA Piper LLP (US), 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131, Attn: Rachel Nanes (rachel.nanes@dlapiper.com); (ii) the Debtor's Chief Restructuring Officer and restructuring advisor, Ankura Consulting Group LLC, 15601 Dallas Parkway, Suite 200, Dallas, Texas 75001, Attn: Louis E. Robichaux IV (louis.robichaux@ankura.com) and Michael Morton (michael.morton@ankura.com); (iii) counsel for UMB Bank, N.A., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: Daniel Bleck (dbleck@mintz.com) and Charles W. Azano (cwazano@mintz.com); (iv) counsel for the Committee, Neligan LLP, 325 N. St. Paul Street, Suite 3600, Dallas, Texas 75201; Attn: Patrick J. Neligan, Jr. (pneligan@neliganlaw.com); and (v) the Office of the United States Trustee, 1100 Commerce St, Room 976, Dallas, Texas 75242-1699, Attn: Lisa Lambert.

## **INFORMATION AND DOCUMENTS**

Any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, or the Solicitation Procedures Order may obtain such copies by (i) accessing the Bankruptcy Court's website at http://www.txnb.uscourts.gov; (ii) contacting the Office of the Clerk of the Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 125, Dallas, TX 75242-1496; (iii) contacting the Debtor's voting agent, Donlin Recano & Company, Inc. (the "Voting Agent"), at (877) 534-8325 or DRCVote@DonlinRecano.com; or (iv) accessing the website maintained by the Voting Agent, available at https://www.donlinrecano.com/Clients/mayflwr/Index. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

Dated:   [●], 2019
       Dallas, Texas

                     **DLA PIPER LLP (US)**

                     By: _/s/ Daniel B. Prieto_
                     Daniel B. Prieto, State Bar No. 24048744
                     DLA Piper LLP (US)
                     1900 North Pearl Street, Suite 2200
                     Dallas, Texas 75201
                     Tel: (214) 743-4500
                     Fax: (214) 743-4545
                     E-mail:  dan.prieto@dlapiper.com

                     – and –

                     Thomas R. Califano (admitted _pro hac vice_)
                     DLA Piper LLP (US)
                     1251 Avenue of the Americas
                     New York, New York 10020-1104
                     Tel:  (212) 335-4500
                     Fax:  (212) 335-4501
                     E-mail:  thomas.califano@dlapiper.com

                     – and –

                     Rachel Nanes (admitted _pro hac vice_)
                     DLA Piper LLP (US)
                     200 South Biscayne Boulevard, Suite 2500
                     Miami, Florida 33131
                     Tel:  (305) 423-8563
                     Fax:  (305) 675-8206
                     E-mail:  rachel.nanes@dlapiper.com

                     _Counsel for the Debtor_

## EXHIBIT 5

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **CHAPTER 11** |
| **MAYFLOWER COMMUNITIES, INC.** | § | |
| | § | **CASE NO. 19-30283 (HDH)** |
| Debtor. | § | |

**NOTICE OF CONFIRMATION HEARING AND
DEADLINE FOR OBJECTING TO CONFIRMATION**

    **PLEASE TAKE NOTICE** that on July 23, 2019, Mayflower Communities, Inc. d/b/a The Barrington of Carmel (the "Debtor") filed the *First Amended Disclosure Statement for the Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, modified, or supplemented from time to time, the "Disclosure Statement") and the *Debtor's First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, modified, or supplemented from time to time, the "Plan"). On **[●]**, 2019, the Honorable Harlin D. Hale, United States Bankruptcy Judge for the Northern District of Texas (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order"), among other things, (i) approving the Disclosure Statement, (ii) approving certain related notice procedures and other procedures for the solicitation and tabulation of votes to accept or reject the Plan, and (iii) scheduling a hearing for confirmation of the Plan.

## HEARING ON CONFIRMATION OF THE PLAN

    The hearing to confirm the Plan ("Confirmation Hearing") will commence on **September 17, 2019 at 9:00 a.m. (prevailing Central Time)**, or as soon thereafter as counsel can be heard, before the Honorable Harlin D. Hale, United States Bankruptcy Judge for the Northern District of Texas, Courtroom 3, United States Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce Street, Fourteenth Floor, Dallas, Texas 75254-1496. The Confirmation Hearing may be continued from time to time by the announcement of such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified pursuant to 11 U.S.C. § 1127 prior to, during or as a result of the Confirmation Hearing, without further notice to parties in interest.

## RELEASES

    Section 11 of the Plan contains important release, exculpation, and injunction provisions. Interested parties are encouraged to read such provisions.

## OBJECTION DEADLINE

    The Bankruptcy Court has established **September 4, 2019 at 5:00 p.m. (prevailing Central Time)** as the deadline for filing and serving objections to confirmation of the Plan. Objections not timely filed and served in accordance with the Solicitation Procedures Order will be overruled by the Bankruptcy Court.

## **INFORMATION AND DOCUMENTS**

Any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, or the Solicitation Procedures Order may obtain such copies by (i) accessing the Bankruptcy Court's website at http://www.txnb.uscourts.gov; (ii) contacting the Office of the Clerk of the Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 125, Dallas, TX 75242-1496; (iii) contacting the Debtor's voting agent, Donlin Recano & Company, Inc. (the "Voting Agent"), at (877) 534-8325 or DRCVote@DonlinRecano.com; or (iv) accessing the website maintained by the Voting Agent, available at https://www.donlinrecano.com/Clients/mayflwr/Index. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

Dated:  [●], 2019
   Dallas, Texas

            **DLA PIPER LLP (US)**

            By: */s/  Daniel B. Prieto*
            Daniel B. Prieto, State Bar No. 24048744
            DLA Piper LLP (US)
            1900 North Pearl Street, Suite 2200
            Dallas, Texas 75201
            Tel: (214) 743-4500
            Fax: (214) 743-4545
            E-mail:  dan.prieto@dlapiper.com

EAST\168293448.2